Mildred **JOHANSON**, Plaintiff and Appellant,

v.

**NASH FINCH COMPANY**, a corporation, doing business as Piggly Wiggly Store, Defendant and Respondent.

**Civ. No. 8914.**

Supreme Court of North Dakota.

July 17, 1973.

———◆———

David Kessler, Grand Forks, for plaintiff and appellant.

Conmy, Rosenberg & Lucas, P. C., Bismarck, for defendant and respondent.

VOGEL, Judge.

This is an appeal from a judgment in favor of the defendant after a jury trial. The matter presently before the

court, submitted on briefs without oral argument, is a motion to dismiss the appeal for failure to comply with the statutes (Secs. 28–18–06 and 28–18–09, N.D.C.C.) and rules formerly in effect, as well as Rule 11, North Dakota Rules of Appellate Procedure, effective March 1, 1973. Rule 49, N.D.R.App.P. A chronology of events follows.

■ The notice of appeal was timely filed and served on March 1, 1972, together with specifications of error and an affidavit in support of motion for new trial, specifications of errors of law, and an undertaking.

Nearly ten months later, on December 29, 1972, the appellant obtained the first of three orders extending time for obtaining a settled statement of the case. The time was extended by the trial judge, for good cause shown, to March 1, 1973. The "good cause" shown was that the delay was "due to the time involved in obtaining and reviewing transcripts and demands of other obligations of this Affiant [the attorney for the appellant], and further due to the Plaintiff's difficulty in financing her Appeal, the Plaintiff has not yet obtained a settled statement of the case."

On March 1, 1973, the date to which the obtaining of the settled statement of the case was extended, the new Rules of Appellate Procedure became effective. Rule 49(a), N.D.R.App.P. They prescribe that "they shall govern all proceedings and actions brought after they take effect, and all further proceedings in actions then pending, except to the extent that, in the opinion of the supreme court, their application in a particular action pending when the rules take effect would not be feasible, or would work an injustice, in which event the previous procedures shall apply."

Given the posture of the case as it then stood, we see no reason why the application of the new rules would not be feasible or why they would work an injustice. Nevertheless, the parties and the trial court apparently continued to treat this action as one subject to the old rules.

On the 21st day of February, 1973, the court granted a further extension of time, to May 15, 1973, on "good cause" based on grounds similar to those previously given for the prior extension.

On May 14, the appellant obtained, again from the district judge, a third order extending the time for settling the statement of the case, this time to August 1, 1973.

On May 24, 1973, the respondent filed in this court a motion to dismiss the appeal on the grounds above stated. On that date, the respondent had no knowledge of the third ex parte order, which was served on it on May 29.

All of the orders were obtained on motions made ex parte.

■ Under the old rules and practice, the actions of the appellant, while certainly dilatory and not to be commended, would not have resulted in a dismissal of the appeal. We would have held that the appeal was not subject to dismissal for lack of a settled statement of the case, because we could at least review the judgment roll. Martin v. Rippel, 152 N.W.2d 332 (N.D. 1967); Higgins v. Hawks, 122 N.W.2d 129 (N.D.1963). Under the new procedure, a dismissal for failure to cause a timely transmission of the record is specifically provided for. Rule 12(c), N.D.R.App.P. In the future, similar delays will, we advise the Bar of North Dakota, very likely result in dismissals pursuant to Rule 12(c).

At the present time, however, in view of the paucity of experience with the new rules, we are inclined to exercise the powers granted by Rule 26(b), N.D.R.App.P., to enlarge the time prescribed by the rules for transmission of the record, and to permit the record to be transmitted after the expiration of the time fixed by the rules.

Whether or not we agree that good cause has been shown, we have usually sustained the decision of the trial judge,

whether he orders a dismissal, as in Kline v. Landeis, 147 N.W.2d 897 (N.D.1967), or declines to do so, as in Viall v. Triangle Electric, Inc., 204 N.W.2d 390 (N.D.1973). Here, the grounds for the extension are of questionable persuasiveness but, in deference to the finding of the trial judge that good cause exists, and in order to hear the matter on the merits, we deny the motion to dismiss.

We therefore deny the motion for dismissal, and order that the appellant may have until August 1, 1973, to transmit the record to this court. If this order is not complied with, the appeal will be dismissed on that date without further order of the court.

PER CURIAM.

Most of the foregoing opinion is the work of STRUTZ, C. J., deceased, with additions by VOGEL, J., to whom it is formally attributed because of inclusion of language not originating with Chief Justice STRUTZ.

ERICKSTAD, C. J., and TEIGEN, PAULSON and KNUDSON, JJ., concur.