**Marilyn J. STACK, Plaintiff and Appellee,**

**v.**

**James STACK, Defendant and Appellant.**

**Civ. No. 8931.**

Supreme Court of North Dakota.

Oct. 1, 1973.

Milton K. Higgins, Bismarck, for defendant and appellant.

Morris A. Tschider, Bismarck, for plaintiff and appellee.

PAULSON, Judge.

By order dated October 19, 1970, the Burleigh County District Court dismissed a

motion by the defendant-appellant, James Stack, to vacate a judgment. On December 21, 1970, the notice of appeal from the order of dismissal, together with the undertaking on appeal, was filed with the clerk of said district court. The partial record on appeal was mailed by the clerk of the district court to the clerk of the Supreme Court on July 26, 1972. There were no orders allowing extensions of any of the appeal procedures in this action and neither the appellant nor the plaintiff-respondent made any filings in the district court or in the Supreme Court up to the time the respondent moved this court to dismiss the appeal on July 6, 1973.

On the question of whether to apply the newly adopted Rules of Appellate Procedure or the previous Rules of Practice in Causes in the Supreme Court of North Dakota, we have decided to apply the previous Rules of Practice in Causes because they set out the duties of the appellant in effect at all times relevant to this action. Rule 49(a), N.D.R.App.P., provides:

"*(a) Effective date and application.* These rules shall take effect on March 1, 1973. They shall govern all proceedings and actions brought after they take effect, and all further proceedings in actions then pending, except to the extent that, in the opinion of the supreme court, their application in a particular action pending when the rules take effect would not be feasible, or would work an injustice, in which event the previous procedure shall apply." 5 N.D.C.C., 1973 Supp., p. 286.

In light of Rule 49(a), N.D.R.App.P., we think it more feasible to apply the previous Rules of Practice in Causes, as they appear in 76 N.D. xvii–xxviii. Rule 21 of such Rules of Practice in Causes provides:

"*Perfection of Appeal and Return of Record.* An appeal is deemed perfected, in civil cases, upon both the service and filing of a notice of appeal, with undertaking on appeal, when required, and in criminal cases, upon service and filing of a notice of appeal.

"The clerk of the District Court shall cause the proper return to be made and the same, together with the statement of the case, if any, to be transmitted to and filed with the clerk of the Supreme Court, within fifteen days after the appeal is perfected, unless, by order of the trial court, made upon the application of any of the parties, such return shall be stayed for purposes of the appeal for an additional time, not exceeding forty-five days."

In the instant case, therefore, the appeal was perfected on December 21, 1970, when the appellant filed his notice of appeal and undertaking on appeal. The clerk of the district court had fifteen days to transmit the statement of the case to the Supreme Court. In the instant case this transmittal was delayed at the request of the appellant.

Rule 7 of the Rules of Practice provides:

"*Filing of Briefs.* Upon appeal to the Supreme Court, the appellant shall fully prepare his brief and serve it upon the respondent, and file it with the clerk of the court from which the appeal is taken before or at the time record of the case is transmitted to the Supreme Court, by the Clerk of the District Court, and it shall be transmitted with such record.

"Within fifteen days after the service of the appellant's brief upon the respondent, as aforesaid, the respondent shall prepare his brief, and serve it upon appellant, and file it with the Clerk of the Supreme Court.

"Failure of the appellant to comply with this rule will subject the appeal to dismissal, unless the Supreme Court for sufficient cause, should otherwise order."

Therefore, when the clerk of the district court transmitted what there was of the record in this case to the Supreme Court, the appellant's brief should have been with

that record. The record was filed two and one-half years after the appeal was perfected and the appellant still did not have his brief ready for submission to the Supreme Court.

Rule 13 of the Rules of Practice provides:

"*Affirmance or Dismissal upon Default.* The respondent may apply to the court for affirmance or dismissal of a cause, as the case may be, if the appellant shall fail or neglect to serve and file the record, or his brief, as required by law, or by these rules.

"However, for the default of the respondent, no reversal will be ordered unless the record presents reversible error."

■ Under the circumstances of this case, where the appellant has made no attempt to prosecute his perfected appeal and where no extenuating circumstances have been asserted, and where the respondent has moved this court to dismiss the appeal, and where the appellant has interposed no affidavit in opposition to the motion to dismiss and did not appear at the hearing on the motion to dismiss, we are left with no choice but to dismiss the appeal according to Rule 13 of the Rules of Practice.

We are not unmindful of our decision in Johanson v. Nash Finch Co., 212 N.W.2d 372 (N.D.1973), which case applied the new North Dakota Rules of Appellate Practice and denied the motion to dismiss prayed for in that case. The circumstances of the *Johanson* case were quite different from those in the instant case. The appellee, in *Johanson*, showed an interest in prosecuting her appeal by securing extensions of time in which to transmit the record to this court; the good cause shown for the extensions of time was the time needed to review transcripts and her difficulty in financing the appeal. There was also a judgment roll to be reviewed.

In the instant case there were no efforts on the part of the appellant to prosecute his appeal. Good cause was not shown for granting any extensions of time; the only papers transmitted from the trial court to this court were the notice of appeal, with the undertaking on appeal, and some correspondence between attorneys in attempting to have the appellant proceed with his appeal. These distinguishing factors are sufficient to make us believe that the appeal in the instant case should be dismissed.

In addition, we believe that the case at bar should be dismissed under the old Rules of Practice in Causes, despite the fact that the *Johanson* case, *supra,* applied the new North Dakota Rules of Appellate Procedure. Many of the events in the *Johanson* case took place after the North Dakota Rules of Appellate Procedure had been adopted and distributed. In the instant case, the events took place early enough so that the parties cannot be expected to have been sufficiently familiar with the new Rules of Appellate Procedure to have employed them.

■ With regard to respondent's request for motion costs, we disallow all costs except those provided for by statute in § 28-27-06, N.D.C.C. There was no travel involved on the part of the attorney for the respondent to pursue this motion to dismiss and the respondent has not been unduly burdened by the appellant's failure to prosecute the appeal. See Thernes v. Meisner and Company, 191 N.W.2d 253 (N.D.1971).

The appeal is accordingly dismissed.

ERICKSTAD, C. J., and TEIGEN, VOGEL and KNUDSON, JJ., concur.