Lawrence L. NAADEN, and Montana-Dakota Utilities Co., a corporation, Appellants,

v.

Bruce HAGEN et al., Appellees.

Application of MONTANA–DAKOTA UTIL-ITIES CO., for an Order and Certificate to extend electric service to Lawrence L. Naaden at Braddock, North Dakota.

Civ. No. 8958.

Supreme Court of North Dakota.

Nov. 16, 1973.

Rausch & Chapman, Bismarck, for appellant Lawrence L. Naaden and on brief (Thomas A. Mayer, Bismarck, on argument for counsel).

Pringle & Herigstad, Minot, for appellee KEM Electric Cooperative, Inc.

Ray H. Walton, Bismarck, for appellee Public Service Commission.

TEIGEN, Judge.

This is a motion by the appellee, KEM Electric Cooperative, Inc., for a dismissal of an appeal taken by the appellant, Lawrence L. Naaden, for his failure to cause timely transmission of the record or to docket the appeal within the time allowed

by the North Dakota Rules of Appellate Procedure. Montana-Dakota Utilities Company was also an appellant in the trial court but has not appealed to this court. Thus the parties to this motion are the appellee, KEM Electric Cooperative, Inc., as movant, and the appellant, Lawrence L. Naaden, as respondent.

Rule 11, N.D.R.App.P., requires that the record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the supreme court within forty days after the filing of the notice of appeal in the office of the clerk of the trial court, unless the time is shortened or extended as provided by subdivision (d) of the Rule.

Rule 12(a), N.D.R.App.P., requires that within the time allowed or fixed for transmission of the record the appellant shall pay the docket fee.

■ Rule 12(c), N.D.R.App.P., provides that "if the appellant shall fail to cause timely transmission of the record or to pay the docket fee if a docket fee is required, any appellee may file a motion in the supreme court to dismiss the appeal."

The notice of appeal was filed on June 8, 1973. In the absence of an extension of time the 40-day period expired July 18, 1973. On that day the record had not been transmitted nor the docket fee paid, nor had an extension of time been obtained.

■ On September 17, 1973, pursuant to Rule 12(c), N.D.R.App.P., preparatory to filing a motion for dismissal of the appeal, the appellee made a written request of the clerk of the trial court for the execution of a certificate showing the date and substance of the judgment from which the appeal was taken, the date on which the notice of appeal was filed, and that no order had been filed extending the time for transmitting the record. The request was declined. However, on the same day, to wit, September 17, 1973, the clerk of the trial court transmitted the record to the clerk of this court and also made application to the judge of the trial court for an extension of time in which to transmit the record on appeal. The trial court signed an order on September 18, 1973, extending the time to September 17, 1973. This was an abortive attempt to extend the time in which to transmit the record as the trial court was without authority to extend the time for two reasons: (1) the time in which the trial court was authorized to act had expired; and (2) the extension was sought to a day more than ninety days after the filing of the first notice of appeal. Rule 11(d), N.D.R.App.P., provides:

"A request for extension must be made within the time originally prescribed or within an extension previously granted, and the trial court shall not extend the time to a day more than 90 days from the date of filing of the first notice of appeal."

No application has been made to this court for an extension of time in which to transmit the record on appeal.

It also appears that the appellant paid the docket fee and filed his brief in this court on October 9, 1973. The appellee's brief was filed October 31, 1973. This motion to dismiss was heard on November 6, 1973.

The motion for dismissal of the appeal is resisted. However, the appellant has shown no reason for the delay except the failure of the clerk to transmit the record on appeal. No other excuse is given. The record on appeal in this case was ready for transmission to this court shortly after the filing of the notice of appeal. There was no transcript to obtain as the matter was decided in the trial court on the basis of the record made and transcribed before the Public Service Commission, whose order was appealed to the trial court for review. Although we find no excuse for the delay, both parties have filed their briefs, the appeal is ready for argument, the appellee has shown no prejudice by the delay, and a substantial question is involved. In addition, the new rules of appellate practice in

this court have been in effect but a short time (March 1, 1973). It appears that perhaps counsel for the appellant relied entirely upon the clerk of the trial court to transmit the record on appeal without any assistance or guidance from him. In that respect we call attention to the provision of Rule 11(a), N.D.R.App.P., which, in part, provides:

"After filing the notice of appeal the appellant shall comply with the provisions of Rule 10(b) and shall take any other action necessary to enable the clerk to assemble and transmit the record."

■ We also call attention to that part of Rule 12(c), N.D.R.App.P., quoted above. These rules clearly place the onus upon the appellant to cause a timely transmission of the record. We also call attention to Rule 12(a), N.D.R.App.P., which, in part, provides:

"Within the time allowed or fixed for transmission of the record, the appellant shall pay to the clerk of the supreme court the docket fee * * *"

■ The appellant in this case has not complied with either of these requirements nor has he sought an extension of time either in the trial court or in this court.

We said in Johanson v. Nash Finch Co., 212 N.W.2d 372 (N.D.1973):

"Under the new procedure, a dismissal for failure to cause a timely transmission of the record is specifically provided for. Rule 12(c), N.D.R.App.P. In the future, similar delays will, we advise the Bar of North Dakota, very likely result in dismissals pursuant to Rule 12(c)."

However, *Johanson* has not yet been published and therefore has not served the purpose intended by the above quote.

Rule 3(a), N.D.R.App.P., provides:

"Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal."

Exercising our discretion and in the interests of justice, we hold that in view of the short time that the new Rules of Appellate Procedure have been in effect, the readiness of this appeal for calendaring at the next term, there being no showing of prejudice caused by delay, and a substantial question being involved, we deny the motion to dismiss, providing costs in the amount of $250.00 are paid to the appellee within fifteen days of the date of this opinion. Proof of payment shall be submitted to the clerk of this court on or before the expiration of that period.

ERICKSTAD, C. J., and KNUDSON, VOGEL and PAULSON, JJ., concur.