**NODAK MUTUAL INSURANCE COMPANY, a corporation, Plaintiff and Appellee,**

**v.**

**Richard LOEFFLER, Defendant and Appellant.**

**Civ. No. 9049.**

Supreme Court of North Dakota.

Oct. 10, 1974.

Degnan, McElroy, Lamb, Camrud & Maddock, Grand Forks, for defendant and appellant.

Letnes & Marshall, Grand Forks, for plaintiff and appellee.

ERICKSTAD, Chief Justice.

Richard Loeffler, defendant, has appealed to this court from a declaratory judgment ordered by the District Court for Pembina County declaring that Loeffler was not insured by an automobile insurance policy # 29454 issued by the plaintiff Nodak Mutual Insurance Company. This is a motion by Nodak to dismiss that appeal due to alleged noncompliance with certain of the North Dakota Rules of Appellate Procedure.

A chronology of the pertinent procedural events of this case follows:

The case came on for trial before the Honorable James H. O'Keefe, District Judge, sitting without a jury, and on the 31st of December 1973 Judge O'Keefe rendered a memorandum opinion declaring that no contractual obligation to Loeffler was incurred by Nodak because of the issuance of Automobile Liability Policy # 29454. On January 11, 1974, judgment was entered pursuant to the memorandum opinion.

On March 8, 1974, Loeffler filed in the district court a timely notice of appeal from the judgment of January 11, 1974. On August 8, 1974, Nodak filed in this court the present motion to dismiss the appeal. Up to this point, Loeffler had not transmitted the record to this court nor had he filed an appellate brief.

On August 21, 1974, the record of this case was transmitted to and filed in this court. On that date Loeffler also filed his return to the motion to dismiss, his brief, and a stipulation signed by counsel for Nodak waiving the necessity of a bond on appeal.

Nodak listed the following as grounds upon which it based its motion to dismiss:

1. Noncompliance with Rules 11 and 12, N.D.R.App.P., in that Loeffler had not caused the timely transmission of the record within 40 days of the filing of his notice of appeal.

2. Noncompliance with Rule 31, N.D. App.P., apparently because of the late filing of Loeffler's appellate brief, although this was not expressly stated in the motion to dismiss.

3. Noncompliance with Rule 7, N.D.R. App.P., in that Loeffler had not filed a bond for costs on appeal.

4. The notice of appeal indicates an attempt to obtain a trial de novo of the declaratory action.

Grounds numbered 3 and 4 are insufficient cause for the granting of the motion.

■ As to number 3, although a bond was not filed within the time required by Rule 7, N.D.R.App.P., since Nodak has now waived the requirement of a bond the issue has become moot.

■ As to number 4, the notice of appeal does no more than follow the requirements of Rule 3(c), N.D.R.App.P.

Rule 3(c) reads:

"Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order, or part thereof appealed from; and shall name the court to which the appeal is taken."

Loeffler's notice of appeal stated:

"Notice is hereby given that Richard Loeffler, defendant above named, hereby appeals to the North Dakota Supreme Court from the final Declaratory Judgment entered in this action on the 11th day of January, 1974." [Caption and signature omitted.]

Nodak has offered no support for its contention that this notice of appeal is actually a request for a trial de novo, and this court has found none. Accordingly, this contention is rejected.

We now consider Nodak's contentions herein numbered 1 and 2.

The pertinent parts of the applicable rules follow.

"(a) Time for Transmission; Duty of Appellant. The record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the supreme court within 40 days after the filing of the notice of appeal unless the time is shortened or extended by an order entered under subdivision (d) of this rule. * * *" Rule 11, N.D.R.App.P.

"(a) Computation of Time. In computing any period of time prescribed by these rules, by an order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period extends until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule 'legal holiday' includes all those days specified as holidays in Section 1–03–01, North Dakota Century Code, and amendments thereto." Rule 26, N.D.R. App.P.

"(a) Docketing the Appeal. Within the time allowed or fixed for transmission of the record, the appellant shall pay to the clerk of the supreme court the docket fee, and the clerk shall thereupon enter the appeal upon the docket. * * *" Rule 12, N.D.R.App.P.

"(b) Filing of the Record. Upon receipt of the record or of papers authorized to be filed in lieu of the record under the provisions of Rule 11(c) and (e) by the clerk of the supreme court following timely transmittal, and after the appeal has been timely docketed, the clerk shall file the record. The clerk shall immediately give notice to all parties of the date on which the record was filed." Rule 12, N.D.R.App.P.

"(c) Dismissal for failure of appellant to cause timely transmission or to docket appeal. If the appellant shall fail to cause timely transmission of the record or to pay the docket fee if a docket fee is required, any appellee may file a motion in the supreme court to dismiss the appeal. The motion shall be supported by a certificate of the clerk of the trial court showing the date and substance of the judgment or order from which the appeal was taken, the date on which the notice of appeal was filed, the expiration date of

any order extending the time for transmitting the record, and by proof of service. The appellant may respond within 14 days of such service. The clerk of the supreme court shall docket the appeal for the purpose of permitting the court to entertain the motion without requiring payment of the docket fee, but the appellant shall not be permitted to respond without payment of the fee unless he is otherwise exempt therefrom." Rule 12, N.D.R.App.P.

"(a) Time for Serving and Filing Briefs. The appellant shall serve and file his brief within 40 days after the date on which the record is filed. * * * " Rule 31, N.D.R.App.P.

█ The notice of appeal was filed on March 8, 1974. The deadline for transmission of the record, according to Rule 11(a), was April 17, 1974, computing the time pursuant to Rule 26(a). The record was filed on the 21st of August, 1974, and was therefore untimely.

█ The same objection may be made as to the payment of the docket fee which, by Rule 12(a), is to be effected within the time allowed for transmitting the record. The receipt issued by the clerk of this court is dated August 28, 1974. The payment of the fee was therefore not timely.

█ Rule 31(a) requires that briefs be filed within 40 days of the filing of the record. In this case this was done, since both the brief and the record were filed on August 21, 1974; but as the record was not timely filed, it being 136 days late, the brief was also filed late.

Loeffler offers no excuse for these delays except that counsel was confused as to when the time for filing the record and brief began to run.

Under Rule 3(a), N.D.R.App.P., we may take such action as we deem appropriate. Rule 3(a) reads:

"Filing the Notice of Appeal. An appeal permitted by law as of right from a trial court to the supreme court shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal." N.D.R. App.P.

Recently we warned the bar that non-compliance by an appellant with our rules could result in a dismissal of an appeal. Naaden v. Hagen, 213 N.W.2d 702 (N.D. 1973); Johanson v. Nash Finch Co., 212 N.W.2d 372 (N.D.1973). An appeal has been dismissed for failure to comply with Rules 10(b) and 12(a). Beckert v. Wallace, 219 N.W.2d 160 (N.D.1974).

The question in this case seems to be whether the violations of the rules in this case merit such severe action as a dismissal.

In *Naaden*, we refused to dismiss an appeal even though provisions of Rules 11 and 12 were not met. Although one reason for the denial of dismissal was the newness of the appellate rules, we also said that because of the "readiness of this appeal for calendaring at the next term, there being no showing of prejudice caused by delay, and a substantial question being involved, we deny the motion to dismiss, * * * " Naaden v. Hagen, *supra*, 213 N.W.2d 702 at 704.

It should also be noted that in *Beckert*, where we dismissed the appeal, the case was not made ready for hearing in our court prior to the date set for hearing in our court of the motion to dismiss.

In the instant case, the matter has been made ready for hearing, the record is here, and the appellant's brief has been filed. Furthermore, Nodak has made no showing whatsoever that it was prejudiced by the delay.

█ Absent such a showing of prejudice on the part of the respondent, we are reluc-

tant to dismiss the appeal. Although stated prior to the enactment of our new appellate rules, what we said in *Hogan, infra*, remains pertinent:

> "[B]ecause determination of an appeal upon the merits is favored—and because this court has the complete discretion under its rules to determine motions for dismissal of appeals based upon undue delay, and since the delay has not resulted in inconvenience, detriment or prejudice to the respondents, and since the record is now before us and the briefs have been served and filed—we shall deny the motion for dismissal." Hogan v. Knoop, 191 N.W.2d 263 at 266 (N.D.1971).

■ Additionally, the judgment appealed from in this case affects not only Nodak and Loeffler, but also Donald Keller, who is not a party to this action and who is in no way responsible for the delays. Keller has initiated a suit against Loeffler, and the nature of that suit is such that Keller's ability to recover, or his measure of recovery may well be affected by the determination of whether Loeffler is deemed to be insured by Nodak.

In light of these facts, and in the absence of a showing of prejudice by Nodak, we are of the opinion that this is a case where the merits should be reached, notwithstanding the failure on the part of Loeffler to comply with the Appellate Rules.

Accordingly, the motion for dismissal of the appeal is denied.

KNUDSON, PAULSON, VOGEL and JOHNSON, JJ., concur.