LeFEVRE SALES, INC., a corporation, Plaintiff and Appellee,

v.

BILL RIPPLEY CONSTRUCTION, INC., a corporation, Defendant and Appellant.

Civ. No. 9188.

Supreme Court of North Dakota.

Feb. 12, 1976.

674

Hjellum, Weiss, Nerison, Jukkala & Vinje, Jamestown, for plaintiff and appellee; argued by R. G. Nerison, Jamestown.

Lundberg, Nodland & Schulz, Bismarck, for defendant and appellant; argued by Robert H. Lundberg, Bismarck.

ERICKSTAD, Chief Justice.

In this case LeFevre Sales, Inc., a corporation, has filed a motion in our court asking for the dismissal of the appeal taken by Bill Rippley Construction, Inc., a corporation, from a judgment rendered against the construction company in the District Court of Stutsman County.

The basis of the motion is that the construction company failed to cause timely transmission of the record in accordance with Rule 12(c) of the North Dakota Rules of Appellate Procedure.

The pertinent part of Rule 12(c) reads:

"(c) Dismissal for failure of appellant to cause timely transmission or to docket appeal. If the appellant shall fail to cause timely transmission of the record or to pay the docket fee if a docket fee is required, any appellee may file a motion in the supreme court to dismiss the appeal. The motion shall be supported by a certificate of the clerk of the trial court showing the date and substance of the judgment or order from which the appeal was taken, the date on which the notice of appeal was filed, the expiration date of any order extending the time for trans-

mitting the record, and by proof of service. The appellant may respond within 14 days of such service. * * * " Rule 12(c), N.D.R.App.P.

In the return to the motion, counsel for Rippley Construction asserts that counsel's law firm was asked by the bonding company for Rippley Construction to take an appeal from the judgment and that counsel was informed that pending the appeal the bonding company would attempt to negotiate a settlement of the case through its counsel in South Dakota. An affidavit filed by counsel for LeFevre Sales in response to the return to the motion asserts that no negotiations were ever entered into by anyone on behalf of Rippley Construction with counsel for LeFevre Sales.

Counsel for Rippley Construction seems to concede that negotiations may never have been entered into but nevertheless asserts that in light of the confusion which resulted from multiple counsel that this court should consider the matter as excusable neglect and permit an extension of time for the transmission of the record under such limitations and upon the assessment of such costs as this court may determine appropriate.

The pertinent part of Rule 11(d) reads:

"(d) * * * The trial court for cause shown may extend the time for transmitting the record. A request for extension must be made within the time originally prescribed or within an extension previously granted, and the trial court shall not extend the time to a day more than 90 days from the date of filing of the first notice of appeal. If the trial court is without authority to grant the relief sought or has denied a request therefor, the supreme court may on motion for cause shown extend the time for transmitting the record or may permit the record to be transmitted and filed after the expiration of the time allowed or fixed. * * * " Rule 11(d), N.D.R. App.P.

Notice of appeal was filed in this case on August 11, 1975, and upon application of counsel for Rippley Construction Company, an extension of time for transmitting the record to the Supreme Court was executed by the trial court on September 18, 1975, which provided "such extension to be fifteen (15) days following the filing of the transcript by the Court Reporter herein."

That order was apparently contrary to the intent of Rule 11(d) which seems to permit the trial court to extend the time for transmitting the record no more than 90 days from the date of the filing of the first notice of appeal.

In any event, the court reporter apparently delivered the transcript to the attorney for Rippley Construction on October 23, 1975, but failed to file a certificate evidencing the date of delivery of said transcript with the clerk of the trial court and the clerk of the Supreme Court as required by Rule 10(b) of the North Dakota Rules of Appellate Procedure.

Incidentally, according to the court reporter's certificate acknowledging receipt of the order for the transcript, the order was not received until August 29, 1975. In failing to order the transcript within 10 days after filing the notice of appeal, counsel for Rippley Construction violated Rule 10(b), N.D.R.App.P. Unless the time within which the transcript is to be furnished is to be reduced because of counsel's delay, the court reporter had 60 days from the receipt of the order within which to furnish the transcript and furnished it well within that time.

Counsel for Rippley Construction asserts that it will deliver a copy of the transcript to counsel for LeFevre Sales as soon as permitted to do so by this court and that it will thereafter prepare and serve upon LeFevre Sales or its counsel an appellate brief within a reasonable time if permitted to do so by this court.

What we have in effect is about a two-month delay in the appellate process which has been precipitated by Rippley Construc-tion, its bonding company, and its counsel. Under Rules 11(d) and 3(a) we have the discretion to permit the record to be transmitted and filed after the expiration of the time allowed or fixed by the Rules of Appellate Procedure.

The pertinent part of Rule 3(a) reads:

"(a) * * * Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal." Rule 3(a), N.D.R.App.P.

In *Nodak Mutual Ins. Co. v. Loeffler*, 225 N.W.2d 286 (N.D.1974), rendered approximately a year and a half after the new Rules of Appellate Procedure went into effect on March 1, 1973, our court declined to grant a motion for a dismissal of an appeal which was based upon the noncompliance of the appellant with Rules 11, 12, and 31 of the North Dakota Rules of Appellate Procedure. In that case the record and brief were filed 136 days late.

Although *Loeffler* is not completely comparable because the record and the brief had been filed by the date of the hearing to dismiss, what we said therein is pertinent to this case inasmuch as both cases involve error on the part of counsel. In that case counsel was confused as to when time began to run for filing the record and the brief.

In *Loeffler* we said:

"Recently we warned the bar that noncompliance by an appellant with our rules could result in a dismissal of an appeal. *Naaden v. Hagen*, 213 N.W.2d 702 (N.D. 1973); *Johanson v. Nash Finch Co.*, 212 N.W.2d 372 (N.D.1973). An appeal has been dismissed for failure to comply with Rules 10(b) and 12(a). *Beckert v. Wallace*, 219 N.W.2d 160 (N.D.1974).

"The question in this case seems to be whether the violations of the rules in this case merit such severe action as a dismissal.

"In *Naaden*, we refused to dismiss an appeal even though provisions of Rules 11 and 12 were not met. Although one reason for the denial of dismissal was the newness of the appellate rules, we also said that because of the 'readiness of this appeal for calendaring at the next term, there being no showing of prejudice caused by delay, and a substantial question being involved, we deny the motion to dismiss, * * *' *Naaden v. Hagen, supra,* 213 N.W.2d 702 at 704.

"It should also be noted that in *Beckert*, where we dismissed the appeal, the case was not made ready for hearing in our court prior to the date set for hearing in our court of the motion to dismiss.

"In the instant case, the matter has been made ready for hearing, the record is here, and the appellant's brief has been filed. Furthermore, Nodak has made no showing whatsoever that it was prejudiced by the delay.

"Absent such a showing of prejudice on the part of the respondent, we are reluctant to dismiss the appeal. Although stated prior to the enactment of our new appellate rules, what we said in *Hogan, infra,* remains pertinent:

" ' [B]ecause determination of an appeal upon the merits is favored—and because this court has the complete discretion under its rules to determine motions for dismissal of appeals based upon undue delay, and since the delay has not resulted in inconvenience, detriment or prejudice to the respondents, and since the record is now before us and the briefs have been served and filed—we shall deny the motion for dismissal.' *Hogan v. Knoop,* 191 N.W.2d 263 at 266 (N.D.1971)." *Nodak Mutual Ins. Co. v. Loeffler,* 225 N.W.2d 286 at 289–290 (N.D.1974).

Because we believe it is important to reach the merits whenever reasonably possible, we deny the motion for dismissal which was based upon Rippley Construction's failure to comply with Rule 11, N.D.R.App.P. It does not appear that LeFevre Sales will be prejudiced if Rippley is permitted to file the record with this court and serve its brief on appeal at this late date. We are also cognizant of the confusion of Rippley Construction's counsel over the need for proceeding with the appeal and of his assertion that he is prepared to move expeditiously in filing and serving the transcript and in preparing, filing, and serving the brief on appeal.

Because of the necessity of preparing the motion to dismiss and appearing in this court in connection therewith, we assess costs against Rippley Construction in favor of LeFevre Sales in the amount of $300. We expect the Rules of Appellate Procedure to be strictly adhered to hereafter in this case by Rippley Construction and we ask that Rippley Construction serve and file with the clerk of our court written proof of the payment of these costs within 20 days of the filing of this opinion.

SAND, PAULSON, PEDERSON and VOGEL, JJ., concur.