In the Interest of K. B., a child.

Stanley M. WAAGEN, Director Stutsman
County Social Service Board,
Petitioner-Appellee,

v.

R. J. B., Respondent-Appellant.

Civ. No. 9217.

Supreme Court of North Dakota.

June 24, 1976.

Burt L. Riskedahl, Bismarck, for respondent and appellant.

Georgia M. Pope, Asst. State's Atty., Jamestown, for petitioner and appellee.

PAULSON, Judge.

R.J.B., the natural mother of Baby Girl K.B., has filed a notice of appeal from the order of the juvenile division of Stutsman County District Court terminating her parental rights to such child. R.J.B.'s notice of appeal was timely filed on February 4, 1976. On March 15, 1976, upon the application by counsel for R.J.B., the district court entered its order extending until May 31, 1976, the time for transmission of the record to the Supreme Court. On May 17, 1976, pursuant to Rules 26(b), 27(b), and 11(d), of the North Dakota Rules of Appellate Procedure, counsel for R.J.B. filed with this Court an ex parte "Motion for Extension of Time for Transmission of Record on Appeal". Such motion was accompanied by the affidavit of Mr. Burt L. Riskedahl, wherein he recited the course of events which had allegedly interfered with the timely procurement of the transcript of the district court proceedings. This Court thereupon extended until June 15, 1976, the time for filing the complete record on appeal, including the transcript. On May 20, 1976, counsel for the petitioner filed a return to R.J.B.'s motion for an extension of time, in which return the petitioner resisted such motion. On May 21, 1976, this Court issued its "Order to Show Cause", directing counsel for R.J.B. to appear before this Court and show cause why this Court's order extending until June 15, 1976, the time for the transmission of the record on appeal, should not be reconsidered, vacated, or modified. Both parties thereafter filed briefs on the question, and oral argument on R.J.B.'s request for an extension of time was held on June 11, 1976. The transcript was filed with the clerk of the district court on June 15, 1976, and was filed with the clerk of the Supreme Court on June 16, 1976.

The only issue before us is whether or not, pursuant to Rule 26(b), N.D.R.App.P., this Court should extend the time for the transmission of the record on appeal. The merits of R.J.B.'s appeal are not before us at this time.

Due to the nature of the proceeding, the record before us is incomplete. However, it appears that R.J.B. was a patient at the State Hospital at Jamestown when she gave birth to a daughter on August 12, 1975. R.J.B. was 26 years of age, unmarried, and had been a patient at the State Hospital since April of 1975.

Shortly after K.B.'s birth, the Stutsman County Social Service Board was granted temporary legal custody of K.B., and she was placed in a foster care home. On October 13, 1975, the juvenile court convened a hearing on the petition seeking termination of R.J.B.'s parental rights to K.B. Such hearing was recessed, and reconvened on January 5, 1976. R.J.B. was released from the State Hospital in mid-November, and returned to the home of her parents in Mandan. On January 5, 1976, the juvenile court entered its order terminating the parental rights of R.J.B. to the child K.B. At no time has R.J.B. had custody of the child. During the course of the juvenile court proceedings, R.J.B. was represented by counsel. However, she is now represented by a different attorney on this appeal.

On January 19, 1976, R.J.B. sought the assistance of Mr. Burt L. Riskedahl, a Bismarck attorney, for the purpose of appealing from the juvenile court's termination order. A notice of appeal was filed on February 4, 1976.

According to the affidavit of Mr. Riskedahl, R.J.B. informed him that she wanted to appeal the juvenile court's order terminating her parental rights to K.B., but that she was unable to afford to pay the costs of such appeal. Mr. Riskedahl therefore prepared both a notice of appeal (which was filed on February 4, 1976) and an application for the appointment of himself as counsel on appeal for R.J.B. Such application was subsequently denied by the juvenile court, but Mr. Riskedahl continues to represent R.J.B. in this case.

Two weeks after the notice of appeal was filed, R.J.B. left the State of North Dakota, and since that time Mr. Riskedahl has had difficulty in communicating with his client. The delay in ordering preparation of the transcript of the juvenile court proceedings was caused by the difficulty counsel had in maintaining contact with R.J.B., who apparently now resides in Tampa, Florida. However, Mr. Riskedahl informs us that he has been in telephone contact with R.J.B.; that she desires to continue to prosecute her appeal; and that her financial condition has improved since the time of her original contact with Mr. Riskedahl about representing her on appeal from the juvenile court's termination order. The transcript was thus ordered by Mr. Riskedahl, despite the fact that R.J.B. has been financially unable to pay any of the costs associated with the appeal. However, because of the uncertainty created by R.J.B.'s move to Tampa, Florida, and because of her financial inability to pay the costs of the appeal, the transcript was not ordered in time to permit its completion before May 31, 1976, the deadline set by the juvenile court in its order extending the time for the transmission of the record on appeal. Mr. Riskedahl filed his motion with this Court seeking an additional extension until June 15, 1976, to permit the court reporter to prepare the necessary transcript.

The petitioner, however, resists such motion, contending that this Court should adhere to the May 31, 1976, deadline. Of course such position would mean that the evidence from which the juvenile court concluded that R.J.B.'s parental rights should be terminated would not be before this Court on appeal, because such deadline has already passed. Nevertheless, the petitioner contends that further delay is not in the best interests of the child, K.B., and that the delay which has already occurred was the result of R.J.B.'s apparent abandonment of the appeal. Consequently, the petitioner asserts that the situation was caused entirely by R.J.B.'s conduct in leaving the State and by not maintaining contact with her attorney.

R.J.B.'s motion for an extension of time is made pursuant to Rules 26(b), 27(b), and 11(d), N.D.R.App.P., which Rules provide, in pertinent part, that:

"*RULE 26—Computation and Extension of Time*

.        .        .        .        .

"*(b) Enlargement of time.* The supreme court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal."

"*RULE 27—Motions*

.        .        .        .        .

"*(b) Determination of motions for procedural orders.* Notwithstanding the provisions of the preceding paragraph as to motions generally, motions for procedural orders, including any motion under Rule 26(b), may be acted upon at any time, without awaiting a response thereto. Any party adversely affected by such action may request reconsideration, vacation, or modification of such action."

"*RULE 11—Transmission of the Record*

.        .        .        .        .

"*(d) Extension of time for transmission of the record; reduction of time.* The trial court for cause shown may extend the time for transmitting the record. A request for extension must be made within the time originally prescribed or within an extension previously granted, and the trial court shall not extend the time to a day more than ninety days from the date of filing of the first notice of appeal. If the trial court is without authority to grant the relief sought or has denied a request therefor, the supreme court may on motion for cause shown extend the time for transmitting the record or may permit the record to be transmitted and filed after the expiration of the time allowed or fixed. If a request for an extension of time for transmitting the record has been previously denied, the motion shall set forth the denial and shall

state the reasons therefor, if any were given. The trial court or the supreme court may require the record to be transmitted and the appeal to be docketed at any time within the time otherwise fixed or allowed therefor."

In this case, we are presented with the delicate problem of balancing the interests of the child, K.B., with those of the mother, R.J.B., on a procedural question which does not involve the merits of the termination proceeding. On the one hand, we must consider the interests of K.B., as such concerns are the primary purpose for the adoption by the Legislature of the Uniform Juvenile Court Act (Ch. 27–20, N.D.C. C.). *In Interest of R.W.B.*, Syll. ¶ 4, 241 N.W.2d 546 (N.D.1976); *In re J.Z.*, Syll. ¶ 1, 190 N.W.2d 27 (N.D.1971). However, we must also recognize that the natural parents have the paramount right to the child. *McGurren v. S.T.*, Syll. ¶ 5, 241 N.W.2d 690 (N.D.1976); *In Interest of R.W.B., supra* 241 N.W.2d at 552; *In re J.V.*, 185 N.W.2d 487, 492 (N.D.1971). Certainly, the mother's statutory right to appeal (§ 27–20–56, N.D.C.C.) from the juvenile court's termination order is one of the most important interests which must be considered in cases of this nature.

This Court's review of the juvenile court's order terminating parental rights is equivalent to the former procedure of trial de novo. *In Interest of R.W.B.*, Syll. ¶ 1, *supra; In Interest of M.L.*, Syll. ¶ 1, 239 N.W.2d 289 (N.D.1976). To properly review such order, this Court must reexamine the evidence which was presented to the juvenile court. *In Interest of R.W.B. supra* 241 N.W.2d at 550; *In Interest of M.L., supra* 239 N.W.2d at 291; *In re J.Z.*, Syll. ¶ 1, *supra.* In addition, § 27–20–56(2), N.D.C.C., directs that an appeal, where the order withholds custody from one of the parties to the appeal, must be heard at the earliest practicable time.

We have examined the information presented to this Court by counsel for R.J.B., and conclude therefrom that this Court's order granting an extension of time, until June 15, 1976, for transmission of the record on appeal, should not be disturbed. Were we to accept the position advanced by petitioner, this Court would not have the benefit of the evidence from which it could determine, de novo, whether or not the juvenile court erred in ordering the termination of R.J.B.'s parental rights to the child, K.B. In effect, a requirement that R.J.B. adhere to the original deadline of May 31, 1976, would result in the dismissal of this appeal on a procedural point. However, we favor determination of an appeal upon the merits, rather than upon procedural questions which do not prejudice the opposing party. *Nodak Mutual Ins. Co. v. Loeffler*, Syll., 225 N.W.2d 286 (N.D. 1974).

In the instant case, we do not believe that an additional delay of fifteen days unduly hampers either party, nor do we believe that it interferes with the best interests of the child, K.B. While it may be true that the child and its prospective adoptive parents continue to form significant emotional attachments during such time period, we do not believe that such events outweigh the interests of the mother, in this case, to present her appeal to this Court to be heard on the merits. Without the transcript of proceedings in the juvenile court, it is impossible for R.J.B. to present her appeal to this Court. In addition, we believe that it is significant that R.J.B. appears to have been financially unable to pay the costs associated with the prosecution of her appeal in this case.

Section 27–20–26, N.D.C.C., provides that a party to a proceeding under Chapter 27–20, N.D.C.C., has the right to counsel at all stages of the proceedings, and the right to the appointment of counsel if such person is unable to employ counsel. *In Interest of R.W.B., supra* Syll. ¶ 7. Certainly, the right to counsel cannot be effectively preserved if counsel is denied access to a transcript of the juvenile court proceedings from which an appeal to this Court can be properly presented.

We therefore conclude that R.J.B. has shown good cause for an extension of time

within which transmission of the record on appeal is to be completed. We therefore confirm our order granting an extension of time until June 15, 1976, for transmitting the record on appeal.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.