Jack HALVERSON, d/b/a Forest River
Potato Company, Plaintiff
and Appellee,

v.

PET, INC., a Delaware Corporation,
Defendant and Appellant.

Civ. No. 9379.

Supreme Court of North Dakota.

Nov. 10, 1977.

Rehearing Denied Feb. 2, 1978.

Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Ltd., Grand Forks, for defendant and appellant; argued by Gerald J. Haga, Grand Forks.

Shaft, McConn & Fisher, Grand Forks, for plaintiff and appellee; submitted on the brief by Patrick W. Fisher, Grand Forks.

ERICKSTAD, Chief Justice.

Pet, Inc., a Delaware corporation, defendant and appellant, has appealed to this court from a judgment of the District Court of Walsh County. Jack Halverson, d/b/a Forest River Potato Company, plaintiff and appellee, moved to dismiss that appeal due to the failure of Pet, Inc. to file its brief within the time limit as extended by this court.

The pertinent procedural events of this case follow:

1. The case was tried to the Walsh County District Court on October 28, 1976.

2. The district court issued its memorandum decision on April 1, 1977.

3. The judgment was entered on April 14, 1977, and notice of entry of judgment was served on Pet, Inc. by mail on April 15, 1977.

4. Notice of appeal was filed by Pet, Inc. with the clerk of the District Court of Walsh County on June 9, 1977, 55 days after the notice of entry of judgment was served on it.

5. On August 23, 1977, Pet, Inc. moved to extend the time within which to file its brief from August 29 to September 29, 1977. We granted that motion pursuant to Rule 26(b) and 27(b), N.D.R.App.P. Halverson did not request reconsideration, vacation, or modification of such action pursuant to Rule 27(b), N.D.R.App.P.

6. On October 6, 1977, Halverson moved for the dismissal of the appeal pursuant to Rule 31(c), N.D.R.App.P.

7. On October 14, 1977, Pet, Inc.'s brief on the merits was filed with the clerk of this court.

8. Oral argument on the motion to dismiss this appeal was heard on November 2, 1977.

From that chronology of events, it is clear that Pet, Inc. did not file its brief within the time allowed by the extension granted by this court. Halverson thus was entitled to bring this motion to dismiss the appeal pursuant to Rule 31(c), N.D.R.App.P.

The pertinent part of Rule 31(c) reads:

"(c) *Consequence of Failure To File Briefs.* If an appellant fails to file his brief within the time provided by this rule, or within the time as extended, an appellee may move for dismissal of the appeal. . . ."

This court, in deciding what action should be taken for failure to follow Rule 31, N.D.R.App.P., is guided by Rule 3, N.D.R.App.P.

The relevant part of Rule 3, reads:

"(a) . . . Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal."

What action do we deem appropriate in this case?

In the past, we have sometimes granted a motion for dismissal based upon delay and sometimes denied it. An excellent summary of our previous cases can be found in *Gerhardt v. Fleck*, 251 N.W.2d 764 (N.D. 1977).

In denying such a motion, we have stressed the importance of reaching the merits of a case. *LeFevre Sales, Inc. v. Bill Rippley Construction, Inc.*, 238 N.W.2d 673, 676 (N.D.1976). We have denied such a motion when to grant it would unduly penalize the appellant for the laxity or other fault of counsel. *Tower City Grain Co. v. Richman*, 232 N.W.2d 61 (N.D.1975).

■ Generally, we have been reluctant to dismiss appeals unless no reason existed for the delay, or unless the moving party was prejudiced by the delay. *Gerhardt v. Fleck, supra; Nodak Mutual Ins. Co. v. Loeffler*, 225 N.W.2d 286 (N.D.1974).

■ In this case, counsel for Pet, Inc. stated that the delay in filing his brief was caused by his unusually heavy workload. A heavy workload does not justify ignoring the time limits set by this court; workload alone is no excuse.

The reason given for the delay in this case would not necessarily prevent us from dismissing an appeal if the moving party were prejudiced by such a delay. However, in this case, there is really nothing substantial to indicate that Halverson has been prejudiced by the delay. Halverson's only attempt to show prejudice is to state that any inaction which delays the enjoyment of the relief provided in a civil judgment is prejudicial.

■ Without determining whether the mere delay in the enjoyment of the relief provided in a civil judgment by itself can ever be a sufficient showing of prejudice to justify a dismissal of an appeal, we conclude that the delay of 15 days beyond the time extended by this court is not so prejudicial as to justify dismissal of the appeal.

We note that Pet, Inc.'s brief on the merits has now been filed and that therefore this case is ready for a hearing on the merits, Halverson's brief on the merits having been filed subsequent to the hearing. To expedite matters, the hearing on the merits will be scheduled by our clerk of court for the next term of court. *See Gerhardt v. Fleck, supra* at 767.

In an effort to encourage compliance with the Rules of Appellate Procedure in the past, we have assessed costs against the party failing to comply with them. *State v. Thompson,* 256 N.W.2d 706 (N.D.1977); *Gerhardt v. Fleck, supra, LeFevre Sales, Inc. v. Bill Rippley Construction, supra; Nodak Mutual Ins. Co. v. Loeffler, supra.*

Assessing costs against Pet, Inc., is justified in this case. Thus, to compensate Halverson for costs involved in attorney's fees for time spent in preparing the motion and briefing it (no personal appearances having been made and no travel expenses having been incurred), we assess costs of $300 against Pet, Inc. Proof of the payment of these costs shall be submitted in writing to the clerk of this court within 15 days of this opinion.

Motion to dismiss denied.

SAND, PAULSON, PEDERSON and VOGEL, JJ., concur.