In the Interest of S. J., a Child.

Howard V. EGAN, Jr., Petitioner
and Appellee,

v.

S. J., R. J., and V. J., Respondents
and Appellants.

Civ. No. 9985.

Supreme Court of North Dakota.

April 23, 1981.

Hjellum, Weiss, Nerison, Jukkala & Wright, Jamestown, for respondents and appellants; argued by James A. Wright, Jamestown.

Kenneth L. Dalsted, Asst. State's Atty., Jamestown, for petitioner and appellee.

PAULSON, Justice.

S. J. appeals from an order issued by the Juvenile Court of Stutsman County on March 31, 1981, denying her motion for a stay of disposition. S. J. has submitted to this court a motion to stay the order of disposition entered by the juvenile court. We deny the motion for a stay of the juvenile court's order of disposition.

On January 19, 1981, a petition was filed in the Juvenile Court of Stutsman County which alleged that S. J. was a delinquent child because S. J. and another juvenile had committed the offense of robbery. At a hearing held on February 3, 1981, the juvenile court determined that S. J. was a delinquent child. On March 31, 1981, a dispositional hearing was held and the juvenile court ordered that S. J. be placed in the care, custody, and control of the Superintendent of the State Industrial School until she attained the age of eighteen, which will occur on August 20, 1981.

Following the juvenile court's order which placed S. J. in the State Industrial School, S. J. presented a motion to the juvenile court for a stay of the order until an appeal could be heard on the issue of whether or not the juvenile court properly determined that S. J. was a delinquent child. The application for a stay was denied because S. J. will be eighteen years of age on August 20, 1981, and the juvenile court determined that the order placing S. J. in the care, custody, and control of the Superintendent of the State Industrial School would be nullified by a stay of its order. The juvenile court reasoned that the appeal and the decision on the appeal would be rendered shortly before or after August 20, 1981, and the juvenile court's order of

disposition, if it was affirmed on appeal, would be applicable for only a brief period before S. J. became eighteen years of age; or would be rendered a nullity by virtue of the fact that S. J. had already attained eighteen years of age. In addition, the juvenile court concluded that the order of disposition best suited to S. J. was to place her in the care, custody, and control of the Superintendent of the State Industrial School rather than of the State Youth Authority.

■ Following the juvenile court's denial of the motion for a stay of the order of disposition, S. J. filed with this court an application for a stay of the order of disposition pending appeal. We have previously stated that our scope of review under Chapter 27–20 of the North Dakota Century Code is equivalent to the former procedure of trial de novo. Thus, we are not bound by the "clearly erroneous" rule found in Rule 52(a) of the North Dakota Rules of Civil Procedure, in matters arising under Chapter 27–20, N.D.C.C. *In the Interest of M. D. J.,* 285 N.W.2d 558 (N.D.1979). Despite the fact that we are not bound by the clearly erroneous rule, we ascribe appreciable weight to the juvenile court's findings of fact. The issue presented for our consideration concerns whether or not the juvenile court's denial of the motion to stay the order of disposition was proper. After a careful examination of the facts in the instant case, we conclude that the order of disposition of the juvenile court was proper and that S. J.'s motion for a stay of the order of disposition is denied.

The juvenile court considered in detail all of the categories for disposition of a delinquent child included in § 27–20–31, N.D. C.C., which provides:

"*27–20–31. Disposition of delinquent child.*—If the child is found to be a delinquent child the court may make any of the following orders of disposition best suited to his treatment, rehabilitation, and welfare:

"1. Any order authorized by section 27–20–30 for the disposition of a deprived child;

"2. Placing the child on probation under the supervision of the juvenile supervisor, probation officer, or other appropriate officer of the court or of the court of another state as provided in section 27–20–41 or the director of the county welfare board under conditions and limitations the court prescribes;

"3. Placing the child in an institution, camp, or other facility for delinquent children operated under the direction of the court or other local public authority; or

"4. Committing the child to the state industrial school or to a state department to which commitment of delinquent or unruly children may be made."

■ In arriving at an order of disposition of a delinquent child, the best interests of the child and the State of North Dakota must be considered. *In re Walter,* 172 N.W.2d 603 (N.D.1969); *In Interest of K. B.,* 244 N.W.2d 297 (N.D.1976). S. J. asserts that a stay of the order of disposition would be proper because the delinquent child who accompanied her in the robbery received a stay despite the fact that such child was sixteen years of age. S. J. argues that the denial of the motion for a stay results in a form of retribution or punishment contrary to one of the purposes of the Uniform Juvenile Court Act, Chapter 27–20, N.D.C.C., which purpose is to remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior and to substitute a program of treatment, training, and rehabilitation.

■ In support of her contention, S. J. relies upon the affidavit of Doctor Awad A. Ismir, who determined that S. J. presented little danger to society if she were released and that she could return to the family home as long as she was placed in the custody of the State Youth Authority. The juvenile court considered and rejected this proposal as an ineffective method of disposition because S. J.'s past history indicated that she had difficulty adjusting to restrictions imposed at her family home. S. J. had lived by herself and with relatives and, in

each case, her living arrangements were unsuccessful. In addition, S. J. had not attended school for some time. These facts lead us to conclude that the district court's order of disposition was proper because the structured environment of the State Industrial School accounts for S. J.'s best interests in view of her past behavior. By placing her in the care, custody, and control of the Superintendent of the State Industrial School, the juvenile court has provided the means by which S. J. may receive the necessary treatment, rehabilitation, and correction.

For reasons stated in this opinion, the motion for a stay of the order of disposition is denied.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.