**Harriet T. BECKERT, Plaintiff and Appellee,**

v.

**Irving WALLACE, Defendant and Appellant.**

Civ. No. 8981.

Supreme Court of North Dakota.

June 4, 1974.

Freed, Dynes & Malloy, Dickinson, for plaintiff and appellee.

Palda, Anderson, Tossett, Palda, Thomas & Berning, Minot, for defendant and appellant.

VOGEL, Judge.

The plaintiff has a judgment against the defendant in the amount of $41,471.22, of which $19,000 is actual damages, $19,000 punitive damages, and the balance interest and costs. The judgment was obtained by default after the answer and counterclaim of the defendant was stricken because of the defendant's complete failure to comply with an order of the court for discovery made on May 15, 1973, more than three months prior to the entry of the judgment, on August 21, 1973. The action arose out

of a contract by the defendant to write a book about the plaintiff. He obtained $19,000 in advance payments on the book, but no book or manuscript was produced, although the existence of a manuscript was claimed. The punitive damages were assessed because of his failure to comply with the contract and proof indicating that the defendant fraudulently and deceitfully represented himself to be a different and more celebrated Irving Wallace.

A notice of appeal and undertaking were served and filed on October 18, 1973.

■ On April 22, 1974, the plaintiff moved to dismiss the appeal for failure of the appellant to serve and file a brief within 40 days after the date on which the record was filed herein (November 30, 1973), as required by Rule 31, North Dakota Rules of Appellate Procedure, failure to order a transcript within 10 days after filing the notice of appeal, as required by Rule 10(b), and failure to pay the clerk's docket fee within the time allowed for transmission of the record, as required by Rule 12(a), N.D.R.App.P. None of these shortcomings were corrected prior to the hearing before this court on May 7, 1974, on the motion to dismiss. The attorney for appellant advised this court that he was unable to brief the case or otherwise perfect the appeal without the cooperation of his client, who had been out of touch with his attorney until May 6, 1974, the day prior to the hearing on the motion to dismiss. Counsel for appellant made an oral motion in this court for additional time within which to file affidavits and attempt to justify the failure to comply with our rules.

■ The motion is denied and the appeal is dismissed because of failure to comply with the requirements of the rules above specified. We have twice alerted the Bar that failure to comply with the Rules of Appellate Procedure will result in dismissal of appeals. See Naaden v. Hagen, 213 N.W.2d 702 (N.D.1973), and Johanson v. Nash Finch Co., 212 N.W.2d 372 (N.D.1973).

Such dismissals are frequently granted under the Federal Rules of Appellate Procedure, from which ours were adapted. Rules 12(c), 30, and 31, Fed.Rules App. Proc.; Rules 12(c), 30, and 31, N.D.R. App.P.; Graves v. Hassfurder, 445 F.2d 12 (CA5 1971); Gammill Co. v. Asher, 423 F.2d 627 (CA5 1971).

Appeal dismissed.

ERICKSTAD, C. J., and TEIGEN, PAULSON and KNUDSON, JJ., concur.