**CITY OF JAMESTOWN, Plaintiff and Appellee,**

v.

**James Leroy ROLFZEN, Defendant and Appellant.**

**Cr. No. 543.**

Supreme Court of North Dakota.

Feb. 11, 1976.

Henry H. Howe, Valley City, for defendant and appellant.

Georgia M. Pope, Asst. City Atty., Jamestown, for plaintiff and appellee.

PEDERSON, Judge.

This matter is before us on a motion to dismiss the appeal for failure to comply with Rule 31(a), N.D.R.App.P. The motion is granted and the appeal is dismissed.

Rolfzen was convicted in Jamestown Municipal Court on a charge of being in actual physical control of a motor vehicle while

under the influence of intoxicating liquor in violation of § 21–04–06(A) of the City Code of Jamestown. He appealed the conviction to the District Court of Stutsman County but apparently took no other steps to prosecute his appeal and failed to appear or respond to a notice to appear at a calendar call. The City moved for dismissal, alleging that that was appropriate under the circumstances as authorized by § 33–12–41, N.D.C.C., and Rule 37(a), N.D.R.Crim.P.

The trial court granted the motion and ordered the appeal dismissed, which in effect constituted an affirmance of the conviction. Rolfzen then appealed to this court and again apparently took no further steps to prosecute that appeal. The City now moves for a dismissal of this appeal under Rule 31(c), N.D.R.App.P., on the grounds that Rolfzen has failed to file a brief within the time specified by Rule 31(a), N.D.R.App.P.

Even though this court specifically invited Rolfzen's counsel to respond to the motion and granted a delay to permit counsel to appear at a time convenient to him, he has failed: to respond, to appear, to request additional time, to request suspension of the rules, or to show good cause for relief of any kind.

Rule 31(c), N.D.R.App.P., in part states: "If an appellant fails to file his brief within the time provided by this rule, or within the time as extended, an appellee may move for dismissal of the appeal."

Rule 3(a), N.D.R.App.P., provides in part: "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal."

■ Gross disregard of rules should not be tolerated. The appeal is dismissed without costs.

ERICKSTAD, C. J., and PAULSON, VOGEL and SAND, JJ., concur.