**STATE of North Dakota, Plaintiff and Appellee,**

v.

**James O. VOGAN, Defendant and Appellant.**

**Crim. No. 561.**

Supreme Court of North Dakota.

June 23, 1976.

Kent A. Higgins, Bismarck, for defendant and appellant.

Richard L. Schnell, State's Atty., and Thomas M. Tuntland, Asst. State's Atty., Mandan, for plaintiff and appellee; argued by Richard L. Schnell.

PEDERSON, Justice.

Vogan was convicted on April 21, 1976, of committing simple assault. He was sentenced to serve twenty-one days in jail and to pay $1,368.50 in costs. Imprisonment was to commence on May 3. On April 29 Vogan's counsel filed a notice of appeal with the clerk of the trial court pursuant to Rule 4(b), N.D.R.App.P. Vogan has not appeared to serve the sentence or to pay the costs. Neither he nor his attorney has taken any steps to implement the appellate process other than the timely filing of the notice of appeal.

The matter is before us at this time on a motion by the State for a dismissal of the appeal. Counsel for Vogan does not resist the granting of the motion but appeared for the purpose of apprising the court of the reasons he has been unable to make arrangements necessary for processing the appeal. Vogan has intentionally absented himself from the State and, although he has contacted his counsel by telephone, he refuses to authorize his counsel to proceed with or dismiss the appeal. Vogan has stated to his counsel that, because he doesn't think he can be extradited to North Dakota, he has no desire to proceed with the appeal.

It is obvious that counsel has done all that can be reasonably expected of him in protecting the interest of his client. Neither counsel nor this court can demand that Vogan proceed with his appeal if it is against his will. Nevertheless, as we said in *Beckert v. Wallace,* 219 N.W.2d 160 (N.D. 1974), the failure of the client to cooperate with the attorney does not excuse violations of the rules.

Rule 3(a), N.D.R.App.P., provides that the failure of an appellant to take any steps

beyond the filing of a notice of appeal is grounds for such action as the court deems appropriate, and may include dismissal of the appeal. Where no good cause is shown why a motion to dismiss should not be granted, it will be granted.

Vogan's counsel, on oral argument, expressed the view that all issues that he contemplated raising on appeal would be available to Vogan should he ever decide to seek relief under the Post-Conviction Procedure Act (Ch. 29–32, NDCC). Accordingly, Vogan is not prejudiced by a dismissal of the appeal, whereas the State contends that, under the circumstances here, it is prejudiced by Vogan's failure to process his appeal. We agree with the State.

We have said that motions to dismiss (except upon jurisdictional grounds) are addressed to the discretion of this court, and that we prefer to hear appeals on their merits.[1] When rules have been violated we have refused to dismiss but have given warnings to the Bar.[2] Sometimes we have refused to dismiss when the rule violator had made the correction and was ready to proceed, and no prejudice resulted.[3] In some cases we have refused to dismiss but have assessed substantial costs against the violator.[4] We have refused to dismiss an appeal when the default was due solely to the laxity of the attorney, in order not to unduly penalize the client.[5] When no good cause is shown why we should not do so, we have dismissed both civil and criminal appeals for rule violation.[6] In addition, we dismiss both civil and criminal appeals when rule violations prevent us from assuming jurisdiction.[7] Our discretion is exercised in a manner to promote justice.

This appeal is dismissed without costs.

VOGEL, PAULSON and SAND, JJ., concur.

ERICKSTAD, C. J., participated on the briefs by agreement of counsel.

1. *Kittelson v. Havener,* 239 N.W.2d 803 (N.D. 1976).

2. *Johanson v. Nash Finch Company,* 212 N.W.2d 372 (N.D.1973); *Naaden v. Hagen,* 213 N.W.2d 702 (N.D.1973).

3. *Nodak Mutual Ins. Co. v. Loeffler,* 225 N.W.2d 286 (N.D.1974).

4. *LeFevre Sales, Inc. v. Bill Rippley Const.,* 238 N.W.2d 673 (N.D.1976).

5. *Tower City Grain Co. v. Richman,* 232 N.W.2d 61 (N.D.1975).

6. *Beckert v. Wallace,* 219 N.W.2d 160 (N.D. 1974); *State ex rel. Olson v. Nelson,* 222 N.W.2d 383 (N.D.1974); *City of Jamestown v. Rolfzen,* 238 N.W.2d 661 (N.D.1976).

7. *Cottle v. Kranz,* 231 N.W.2d 777 (N.D.1975); *State v. Metzner,* 244 N.W.2d 215 (N.D.1976).