STATE of North Dakota,
Plaintiff-Appellee,

v.

Ricky VAN VOORHEES, Defendant-Appellant (two cases).

Cr. Nos. 557, 558.

Supreme Court of North Dakota.

June 29, 1976.

Ricky Van Voorhees, pro se.

John M. Olson, State's Atty., and Rolf P. Sletten, Asst. State's Atty., Bismarck, for plaintiff-appellee.

PAULSON, Justice.

On February 13, 1976, in Burleigh County District Court, Ricky Van Voorhees pled guilty to two criminal charges: (1) escape from custody [subsections (1) and (2)(b) of § 12.1–08–06, N.D.C.C.]; and, (2) theft of property [§§ 12.1–23–02, 12.1–23–05(2), and 12.1–32–01(3), N.D.C.C.]. On that same date, the district court sentenced Van Voorhees to imprisonment in the State Penitentiary for a term of two years on each charge, such sentences to run concurrently. Also on February 13, 1976, the criminal judgments were filed in the office of the ·clerk of Burleigh County District Court.

On March 24, 1976, a notice of appeal from each judgment was filed in the office of the clerk of Burleigh County District Court.

On June 10, 1976, the State filed in this Court its motion seeking dismissal of Van Voorhees's appeals, contending that Van Voorhees had failed to comply with Rule 31, North Dakota Rules of Appellate Procedure, requiring the filing of the appellant's brief within forty days after the date on which the record is filed. The record in each case was filed on March 26, 1976.

On June 11, 1976, this Court issued its order to show· cause, directing Van Voorhees to appear before this Court on June 23, 1976, to show cause why the motion to dismiss the appeals should not be granted. Furthermore, the order to show cause provided that Van Voorhees was to file, no later than June 17, 1976, his brief in response to the order to show cause.

On June 23, 1976, this Court convened to hear oral argument on the order to show cause why the State's motion to dismiss the appeals should not be granted. Van Voorhees did not appear and did not file a brief, nor did he request the appointment of counsel to file a brief and appear for oral argu-

ment, in response to the order to show cause. However, the clerk of the Supreme Court reported that she had had a telephone conversation with Van Voorhees's counselor at the State Penitentiary, and that such counselor stated that Van Voorhees had decided to abandon his appeals.

We conclude that, in the instant cases, Van Voorhees's failure to comply with Rule 31, N.D.R.App.P., along with his expressed intention to abandon his appeals, warrants their dismissal.

Since the record on appeal in each case was filed, Van Voorhees has had 89 days within which to file his brief on appeal. In addition by this Court's order to show cause, Van Voorhees received notice that failure to communicate with this Court could result in the dismissal of his appeals. Yet he apparently chose not to comply with the order of this Court that he appear and explain his failure to file a brief on appeal. Furthermore, it appears that Van Voorhees himself has abandoned his appeals—certainly his conduct is consistent with such conclusion.

In *State v. Vogan*, N.D., 243 N.W.2d 382 (Filed June 23, 1976), we dismissed an appeal from a conviction of simple assault, where the defendant rendered it impossible for counsel to proceed with the appeal process. In *Vogan, supra,* in paragraphs 1 and 2 of the syllabus, we held:

"1. Ordinarily, unless good cause is shown by the appellant, a motion to dismiss the appeal for failure to comply with rules should be granted.

"2. The discretion of this court is exercised in such manner as to promote justice."

In the instant cases, the burden was upon Van Voorhees to show cause why the appeals should not be dismissed. His failure to appear or to file a brief in response to the order to show cause, or, if he is indigent, to request appointment of counsel to prepare a brief and orally argue his appeals, along with his expressed intention to abandon his appeals, is persuasive evidence that he has abandoned the appeals.

The appeals are therefore dismissed.

ERICKSTAD, C. J., and SAND, PEDERSON and VOGEL, JJ., concur.