F. H. McCULLOUGH, a.k.a. Fred McCul-
lough, and Laura McCullough, a.k.a.
Laura A. McCullough, his wife, Plain-
tiffs-Appellees,

v.

Glenn K. SWANSON,
Defendant-Appellant,

and

H. S. Blood, Henry S. Blood and all other
persons unknown claiming any estate or
interest in, or lien or encumbrance upon
the property described in the Complaint,
Defendants.

No. 9223.

Supreme Court of North Dakota.

July 21, 1976.

Glenn K. Swanson, pro se.

Benson & Schell, argued by Roger D.
Schell, Bottineau, for plaintiffs and appel-
lees.

SAND, Judge.

The plaintiffs, F. H. McCullough and
Laura McCullough, filed a motion in this
court asking for dismissal of the appeal
taken by the defendant, Glenn Swanson,
from a judgment rendered against him in
the district court of Bottineau County.

The plaintiffs McCullough claim
that the defendant, Glenn Swanson, has not
complied with Rule 12 of the North Dakota
Rules of Appellate Procedure in that the
record on appeal has not been filed and the
appeal has not been docketed in this court
although more than forty days have passed
since the date of filing the notice of appeal,
and no extension of time has been granted
for filing the record or docketing the ap-
peal. Swanson has offered no valid excuse
for this failure.

The judgment of the trial court was
signed and docketed on February 11, 1976,
and notice of the entry of judgment was
mailed to the defendant the same day. The
defendant filed his notice of appeal on April
9, 1976, within the sixty days allowed by
Rule 4(a), NDRAppP, but made no motion
for an extension of time to perfect the
appeal.

The judgment which the defendant seeks to appeal involves a quiet title action. On November 7, 1961, the plaintiffs entered into a contract for deed with defendant Glenn Swanson[1] for the sale of a tract of land which lies adjacent to the tract of land which is in dispute. In this contract for deed Glenn Swanson was given a purported option for the tract of land (Lot 11, Block 17) which is in dispute. This contract for deed was not recorded until March 22, 1971.

On April 1, 1971, the plaintiffs entered into a contract for deed with defendants Warren Fagerland and Loretta Fagerland for the disputed tract of land.

The plaintiffs sought to quiet title to the land and on June 6, 1974, a summons was issued to the defendants. Because of delays, which the plaintiffs claim were caused by Glenn Swanson, the case was not tried until June 2, 1975. The trial court declared the option in the contract for deed with the defendants to be void and quieted title in the plaintiffs.

Swanson waited 58 days before giving notice of appeal. The appeal has not been perfected even though more than 40 days have passed since the filing of the notice of appeal. Neither did Swanson move to enlarge the time for perfecting the appeal. The plaintiffs claim they have been prejudiced by these delays and will be further prejudiced by the delay if the motion to dismiss the appeal is denied and the appeal is allowed.

The Warren Fagerlands, the purchasers of the land from the plaintiffs, claim they have been unable to sell the land because of the uncertainty of the title. Their real estate agent claims that many good deals have fallen through because of the litigation involving the land. The plaintiffs claim that this has resulted in threatened lawsuits against them by the Warren Fagerlands for failure to furnish good title and also has the effect of causing threatened lawsuits by would-be purchasers from the Fagerlands.

The plaintiffs ask that the appeal be dismissed so that the title will be quieted permitting the Fagerlands to sell the disputed land without the probability of a lawsuit against them.

Rule 12, NDRAppP, went into effect on March 1, 1973, which is over three years ago.

In *Johanson v. Nash Finch Co.*, 212 N.W.2d 372 (N.D.1973), the court was faced with a situation where the case was heard, notice of appeal was filed, and an extension of time for obtaining a settled statement of the case was granted by the trial court, all before the new rules went into effect. Further extensions were granted by the trial court but the motion to dismiss was filed after the effective date of the new rules. The trial court found that good cause for the extensions was shown. Under the new rules the extensions would not have been granted. This court held that, although there was no reason why application of the new North Dakota Rules of Appellate Procedure would not be feasible, the decision of the trial court to grant an extension under the old rules would be sustained and the motion to dismiss denied. The court cited the paucity of experience with the new rules as prompting the decision. The court said, "In the future, similar delays will, we advise the Bar of North Dakota, very likely result in dismissals pursuant to Rule 12(c)."

In *Naaden v. Hagen*, 213 N.W.2d 702 (N.D.1973), the appellant failed to cause timely transmission of the record or to docket the appeal within the time allowed by the North Dakota Rules of Appellate Procedure. The court found no excuse for the delay, but nevertheless denied the motion for dismissal, with the reasoning that "in view of the short time that the new Rules of Appellate Procedure have been in effect, the readiness of this appeal for calendaring at the next term, there being no showing of prejudice caused by the delay, and a substantial question being involved" it would

---

1. At the time the contract was entered into, Glenn Swanson, the defendant, acted as plaintiff's attorney.

be in the interests of justice to deny the motion.

The court repeated the warning of *Johanson, supra,* that in the future similar delays would very likely result in dismissals pursuant to Rule 12, NDRAppP. The court also noted that *Johanson, supra,* had not yet been published.

This court, in *Dangerfield v. Markel,* 222 N.W.2d 373 (N.D.1974), stated in syllabus 1:

"A motion for dismissal of the appeal will be denied, in the discretion of the court, where application for extension of time for filing the record was made to the trial court and granted after forty days from filing the notice of appeal, the record and briefs were promptly filed thereafter, appellant's counsel has established compelling personal circumstances, and there is no showing of inconvenience, detriment or prejudice to the appellee."

In *Nodak Mutual Insurance Co. v. Loeffler,* 225 N.W.2d 286 (N.D.1974), the court declined to grant a motion for dismissal of an appeal which was based upon the noncompliance of the appellant with the Rules of Appellate Procedure. In this case, the record and brief were filed 136 days late. The court found that the matter was ready for hearing, the record was present, the appellant's brief had been filed, and the movant, the insurer, had made no showing that it was prejudiced by the delay. The court stated at page 289 that

"Absent such a showing of prejudice on the part of the respondent, we are reluctant to dismiss the appeal."

and cited from the case of *Hogan v. Knoop,* 191 N.W.2d 263 at 266 (N.D.1971), as follows:

". . . because determination of an appeal upon the merits is favored—and because this court has the complete discretion under its rules to determine motions for dismissal of appeals based upon undue delay, and since the delay has not resulted in inconvenience, detriment or prejudice to the respondents, and since the record is now before us and the briefs have been served and filed—we shall deny the motion for dismissal."

The case of *LeFevre Sales, Inc. v. Bill Rippley Construction,* 238 N.W.2d 673 (N.D. 1976), involved a motion to dismiss because of failure to timely transmit the record in accordance with Rule 12, NDRAppP. At the time of the hearing before this court, the transcript had not been delivered and no appellate brief prepared. The court took into consideration the confusion with which counsel was confronted as a result of illusory negotiation plans. It assessed costs against the appellant but denied the motion for dismissal "because we believe it is important to reach the merits whenever reasonably possible." The court found that there would be no prejudice if the appellant were permitted to file the record at that date.

A motion to dismiss the appeal was granted in *Beckert v. Wallace,* 219 N.W.2d 160 (N.D.1974). The appellant failed to serve or file a brief within 40 days, failed to order a transcript within the proper time, and failed to pay the clerk's docket fee in time. The attorney for the appellant advised this court that he was unable to perfect the appeal without the cooperation of his client, who had not been in touch with the attorney until the day prior to the hearing on the motion to dismiss, and he asked the court for additional time. The motion for an extension was denied and the appeal dismissed because of the failure to comply with the Rules of Appellate Procedure.

A motion to dismiss was also granted in *State ex rel. Olson v. Nelson,* 222 N.W.2d 383 (N.D.1974). The State, after filing the notice of appeal and obtaining a stay order pending appeal, did not further pursue its appeal. The respondent moved for a dismissal and the State moved for permission to file a brief beyond the time specified in the Rules. This court denied the State's motion, finding there was no legal reason propounded for not filing a brief in time and no justification for granting the motion.

In *State v. Vogan,* 243 N.W.2d 382 (N.D. 1976), this court observed as follows:

"We have said that motions to dismiss (except upon jurisdictional grounds) are

addressed to the discretion of this court, and that we prefer to hear appeals on their merits.[1] When rules have been violated we have refused to dismiss but have given warnings to the Bar.[2] Sometimes we have refused to dismiss when the rule violator had made the correction and was ready to proceed, and no prejudice resulted.[3] In some cases we have refused to dismiss but have assessed substantial costs against the violator.[4] We have refused to dismiss an appeal when the default was due solely to the laxity of the attorney, in order not to unduly penalize the client.[5] When no good cause is shown why we should not do so, we have dismissed both civil and criminal appeals for rule violation.[6] In addition, we dismiss both civil and criminal appeals when rule violations prevent us from assuming jurisdiction.[7] Our discretion is exercised in a manner to promote justice.

[1] *Kittelson v. Havener,* 239 N.W.2d 803 (N.D.1976).

[2] *Johanson v. Nash Finch Company,* 212 N.W.2d 372 (N.D.1973); *Naaden v. Hagen,* 213 N.W.2d 702 (N.D.1973).

[3] *Nodak Mutual Ins. Co. v. Loeffler,* 225 N.W.2d 286 (N.D.1974).

[4] *LeFevre Sales, Inc. v. Bill Rippley Const.,* 238 N.W.2d 673 (N.D.1976).

[5] *Tower City Grain Co. v. Richman,* 232 N.W.2d 61 (N.D.1975).

[6] *Beckert v. Wallace,* 219 N.W.2d 160 (N.D.1974); *State ex rel. Olson v. Nelson,* 222 N.W.2d 383 (N.D.1974); *City of Jamestown v. Rolfzen,* 238 N.W.2d 661 (N.D.1976).

[7] *Cottle v. Kranz,* 231 N.W.2d 777 (N.D.1975); *State v. Metzner,* 244 N.W.2d 215 (N.D.1976)."

In previous cases this court refused to dismiss an appeal because at the time the new Rules, including Rule 12, N.D.Rules of Appellate Procedure, were relatively new and had been in effect for a short period of time. The court believed at the time that the attorneys should be given more opportunity to become familiar with the rule before it would require complete compliance. In another case it also refused to dismiss an appeal because the client, and not the attorney, would most likely suffer the loss. This court also refused to dismiss an appeal where the appellant had not asked for an extension of time but had developed the appeal by obtaining and preparing the necessary record which was before the court at the time the motion to dismiss was argued. This court, also, in another case refused to dismiss an appeal when the appellant's attorney became physically disabled, making it extremely difficult, if not impossible, to prepare the record or do the necessary things required to perfect an appeal.

In the instant case we do not have any of these persuasive reasons present for refusing to dismiss.

In this case the attorney is also the client. No illness has been established through medical certificate or other separate documentary evidence. The rules have been in effect for over three years, which should have given the attorneys, including the appellant's attorney, sufficient time to become fully familiar with their provisions.

We cannot permit the court's previous admonitions to be disregarded or to be treated as a *bruten fulmen* (empty noise) which is what it would be if we were to merely repeat a threat to enforce. The rules must be treated respectfully, otherwise they would be considered as only advisory. Even then, if compliance is not required there would be no reason for having the rule. If we, in our discretion, were to disregard the rules without justification the ends of justice would not be promoted.

In exercising our discretionary power under Rule 12, NDRAppP, in order to further promote the ends of justice, we should act in a manner so as to curb rather than encourage delays.

The motion to dismiss is granted.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.