Theodore **GERHARDT** and Clara Gerhardt, Plaintiffs and Appellees,

v.

Adam **FLECK** and Darlene Fleck, Defendants and Appellants.

Civ. No. 9318.

Supreme Court of North Dakota.

March 24, 1977.

E. J. Rose, Bismarck, for defendants and appellants.

T. L. Secrest, Hettinger, for plaintiffs and appellees.

SAND, Justice.

We have for consideration an appeal taken by Adam and Darlene Fleck from a judgment adverse to them rendered in the Morton County district court. The appellees, Theodore and Clara Gerhardt, moved to dismiss that appeal under Rule 12(c), North Dakota Rules of Appellate Procedure, on the grounds that (1) the appellants failed to cause timely transmission of the record to the Supreme Court as required by Rule 11, NDRAppP; and (2) the appellants failed to pay the docket fee to the clerk of the Supreme Court in a timely manner, as required by Rule 12(a), NDRAppP.

The action in trial court involving a contract for purchase of real estate resulted in a judgment in favor of the Gerhardts, which was entered on 5 November 1976. Notice of appeal from this judgment was filed by Adam and Darlene Fleck on 16 December 1976, well within the sixty-day limit provided by Rule 4(a), NDRAppP. Cost bond on the appeal was filed 26 December 1976.

Transcripts were ordered by counsel for the appellants on 1 December 1976, and were received by him some time after 17 January 1977. However, the record was not transmitted to the Supreme Court nor was the docket fee paid to the clerk of the Supreme Court within the time provided by Rules 11 and 12, NDRAppP. This resulted in Gerhardt's motion to dismiss this appeal dated 8 February 1977.

Counsel for the appellants attributes his noncompliance with the Rules to inadvertence, oversight, and excusable neglect in that the press of other matters caused him to overlook forwarding the transcripts which were located in his office. More specifically, he states that since November he has been in the process of designing, furnishing, and preparing to move into a new legal office, after working for 17 years

in the same location. In addition, he states that his workload has been particularly heavy in the last three months, especially during the 40 days allowed by the Rules for transmission of the record and payment of the docket fee to the Supreme Court. During this time he has been out of town frequently on legal business during working days and at night. Family illness also contributed to his delay.

■ Counsel suggests that his failure to comply with the Rules in this instance is also due in part to the fact that the transcripts were forwarded directly to his office, rather than to the clerk of the district court, and that in his past experience the clerk of the district court forwarded both the record and the transcripts to the clerk of the Supreme Court, who then notified him that the filing fees were due. He admits, however, that he received the transcripts in his office, and he may not justify delay on the ground that he did not receive certain notification from the clerk of the Supreme Court. Neither he nor any other appellant, for that matter, has the right to require or to rely upon such notification. The clerk of court is under no legal obligation to give notice to appellants and may not be expected to do so as a special service. See, *William Clairmont, Inc. v. Burlington Northern, Inc.*, 229 N.W.2d 77 (N.D.1975). It is the counsel's duty and responsibility to keep informed of the appeal process.

Appellants' counsel concluded by saying that he had a meritorious appeal, that other than this delay in transmitting the record and paying the docket fee, all other actions pertaining to the appeal were performed in accordance with the Rules, and that it would be inequitable to dismiss the appeal based solely on counsel's delay or inadvertence.

Counsel also pointed out an additional difficulty in this case relating to a dispute as to the correct amount of the judgment. Six days after entry of judgment by the trial court, counsel for the Flecks, the appellants, objected to the statement of costs, whereupon the amount was corrected by stipulation. However, in the moving papers filed with this court, the judgment does not appear to reflect that adjustment.

This court has considered motions to dismiss on numerous occasions. Cases in which the motions have been granted include *Community Memorial Hospital, Hettinger v. Olson*, 246 N.W.2d 91 (N.D.1976) (after notice of appeal was filed no steps were taken to perfect the appeal until a motion to dismiss was made, and only excuse offered was a lack of cooperation from the client in advancing the docket fee); *McCullough v. Swanson*, 245 N.W.2d 262 (N.D.1976) (no persuasive reasons given for failure of attorney to either perfect the appeal or request an extension of time, and the attorney was also the client); *State v. Vogan*, 243 N.W.2d 382 (N.D.1976) (a criminal case where, after notice of appeal was filed by the attorney, the defendant left the state and refused to authorize further processing of the appeal); *City of Jamestown v. Rolfzen*, 238 N.W.2d 661 (N.D.1976) (counsel failed to respond to a motion to dismiss, failed to appear, failed to request additional time or to show good cause for relief of any kind); *State ex rel. Olson v. Nelson*, 222 N.W.2d 383 (N.D.1974) (no good cause shown for failure to file brief within the time specified by the rules, and where the court found no justification for granting an extension); *Beckert v. Wallace*, 219 N.W.2d 160 (N.D.1974) (failure of client to cooperate with the attorney not sufficient justification for not perfecting an appeal); *Wagener v. William Clairmont, Inc.*, 211 N.W.2d 751 (N.D.1973) (no excuse for delay given, and no attempt to complete the appeal even after motion to dismiss was brought, thereby prejudicing appellees by a one and a half-year delay); and *William O. Shirley, Inc. v. Wahpeton Foundry Corp.*, 198 N.W.2d 257 (N.D.1972) (special circumstances jeopardized plaintiff's rights and placed additional burdens upon plaintiff through the continuous delay strategy of the appellant).

Among the cases where we denied motions to dismiss were *LeFevre Sales, Inc. v. Bill Rippley Construction*, 238 N.W.2d 673 (N.D.1976) (important to reach the merits

whenever possible, no prejudice was shown to the appellees, counsel was prepared to move expeditiously; however, costs were assessed); *Tower City Grain Co. v. Richman*, 232 N.W.2d 61 (N.D.1975) (dismissal would unduly penalize the appellants for laxity of their attorney, cost bond was paid by the time of the hearing on the motion); *Nodak Mutual Insurance Co. v. Loeffler*, 225 N.W.2d 286 (N.D.1974) (no showing of prejudice caused by the delay, a substantial question was involved, and the matter was made ready for hearing); *Dangerfield v. Markel*, 222 N.W.2d 373 (N.D. 1974) (compelling personal circumstances shown to explain the delay, no showing of inconvenience or detriment to the appellees, the record and briefs were filed and ready for hearing on the merits); *Naaden v. Hagen*, 213 N.W.2d 702 (N.D.1973) (no excuse for the delay, but appeal ready for argument, no prejudice shown, substantial question involved and Appellate Rules in effect only a short time); *Johanson v. Nash Finch Co.*, 212 N.W.2d 372 (N.D.1973) (lack of experience with new Rules, parties in trial court had treated the action as one subject to the old rules); and *Hogan v. Knoop*, 191 N.W.2d 263 (N.D.1971) (preference for determining the appeal on the merits, no prejudice shown, matter ready for consideration on the merits).

▮ Where appellant timely filed a notice of appeal but failed to perfect it by not completing the other appeal processes, the validity of the appeal is not affected but the court, in its discretion, may dismiss the appeal. Rule 3(a), NDRAppP.

▮ In light of the previous cases, we believe that sufficient extenuating circumstances exist to allow us, in the exercise of our discretion, to deny the motion to dismiss in the instant case. Counsel for the appellant did present reasons, if not to justify the delay, at least to explain it. The dispute as to the amount of the judgment is an additional factor we take into account. The noncompliance with the Rules resulted in a delay of only a few weeks and appellees have demonstrated no particular prejudice or detriment from this delay. By the time of the hearing on the motion both of the alleged defects had been corrected; counsel had transmitted the record and paid the docket fees.

Counsel for the appellees also claimed that he was not served with a copy of the transcript, although the court reporter's acknowledgment of the order for transcripts noted that one copy was to go to the appellees' counsel. However, a copy of the transcript was served upon him during oral argument on the motion.

Appellants' brief on the merits of the action had not yet been filed at the time of oral argument but appellants' counsel stated to the court that he was prepared to complete and file it in the near future.

We prefer to decide cases on the merits and because this case has been nearly readied for hearing on the merits, we decline to grant the motion to dismiss. This also avoids an unfair penalty on the clients for the oversight of their attorney.

However, in an effort to discourage complacency on the part of the practicing bar in complying with the rules, and to compensate the appellees' attorney for costs and time spent in presenting and arguing this motion, we assess costs of $300 against the appellants.

Motion to dismiss denied.

ERICKSTAD, C. J., and VOGEL, PEDERSON and PAULSON, JJ., concur.