260 N.W.2d 212 (1977)
Billy Lee SOUTH and Delores South, husband and wife, Plaintiffs and Appellants,
v.
NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), Burlington Northern Railroad, Inc., City of Larimore, County of Grand Forks, and State of North Dakota, Defendants and Appellees.
Civ. No. 9334.
Supreme Court of North Dakota.
October 3, 1977.
Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, for City of Larimore, argued by Gerald J. Haga, Grand Forks.
Kelsch, Kelsch & Tudor, Bismarck, for State of N. D., argued by William C. Kelsch, Bismarck.
Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson, Tacoma, Wash., for plaintiffs and appellants, argued by Alvin A. Anderson, Tacoma, Wash., who was given special permission by the Court to argue this case.
SAND, Justice.
This case concerns two motions to dismiss appeals. The State of North Dakota and the City of Larimore, appellees, separately moved, pursuant to Rule 31(c) of the North Dakota Rules of Appellate Procedure, to dismiss the appeal taken by Billy Lee South and Delores South, husband and wife (hereafter South), on the ground that South failed to file the briefs within the time required by Rule 31(a), NDRAppP.
A chronological development of the events and related matters are set out below to assist in promoting a fuller understanding of this case.
South initiated a personal injury suit for damages against National Railroad Passenger Corporation (AMTRAK), Burlington Northern Railroad, Inc., the City of Larimore, the County of Grand Forks, and the State of North Dakota, alleging, among other things, that the defendants City of Larimore, County of Grand Forks, and State of North Dakota had negligently failed to provide for and maintain a safe road approaching a railroad crossing as required by Sections 49-11-13, 40-05-01(8), 24-05-17, and 24-01-03, North Dakota Century Code. They further alleged that Billy Lee South suffered severe injuries in a collision with a locomotive of AMTRAK and Burlington Northern Railroad as a "direct and proximate result of the negligent act of the defendants."
Before trial, the State of North Dakota and the City of Larimore separately moved for dismissal of the action, which resulted in *213 judgments dismissing the complaint against each.
South, on 11 February 1977, appealed from the judgment dismissing the complaint against the City of Larimore. On 28 February 1977, South also appealed from the judgment dismissing the complaint against the State of North Dakota.
South filed a motion in this Court on 11 April 1977 for a stay of perfection of appeal, requesting, under Appellate Rules 2 and 26, that the rules pertaining to the time limits for perfection of appeal be suspended. This Court denied the motion on 12 April 1977 on the basis that the motion and the supporting papers before the Court did not disclose that the judgment met the requirements of Rule 54(b), North Dakota Rules of Civil Procedure.
On 21 April 1977, South filed a motion for "reconsideration and/or clarification" of this Court's order dated 12 April 1977 denying the motion for stay of perfection of appeal.[1]
The State of North Dakota and the City of Larimore filed briefs in opposition to the motion for "reconsideration and/or clarification" and suspension of the rules pertaining to time limit for perfection of appeal. AMTRAK and Burlington Northern Railroad joined them in filing a "response" in which they adopted the arguments of the State and the City of Larimore on their behalf.
The Supreme Court, on 12 May 1977, reconsidered its previous action and concluded that the trial court had entered a proper Rule 54(b) order and that the appeal of the judgment was properly before the Court, but denied the requested stay to perfect the appeal. The clerk of the Supreme Court advised South of the Court's action by letter dated 13 May 1977.
The City of Larimore, on 2 August 1977, filed a notice of motion to dismiss South's appeal with this Court. On 4 August 1977, the State of North Dakota also filed a notice of motion to dismiss the appeal with this Court. Both motions were served by mail upon South.
In the meantime, the trial court, on 11 March 1977, considered and granted the motion of AMTRAK and Burlington Northern Railroad to strike the case from the March 1977 term of court, but reserved a ruling on a further stay of the trial until after the determination of the pending appeals by South.
South was informed by letter from the clerk of the Supreme Court dated 24 August 1977 that the argument on the motion to dismiss the appeal will be heard on 7 September 1977.
South appeared and made an oral statement, but did not present valid arguments or reasons, either oral or written, justifying the failure to file the briefs within the time required by Rule 31, NDRAppP, which, in part, provides that
"The appellant shall serve and file his brief within forty days after the date on which the record is filed."
The record on appeal, pursuant to Rule 11(a), NDRAppP,
"... shall be transmitted to the supreme court within forty days after the filing of the notice of appeal unless the time is shortened or extended by an order...."
Neither did South present any justifiable reasons why the motion to dismiss should not be granted.
During the oral argument, South also indicated to the Court that no briefs or written argument would be submitted at a later date to resist the motion to dismiss the appeal or in support of the appeal taken. Neither did South submit compelling reasons earlier why the judgments of dismissals by the trial court were in error.
We are also mindful that with the enactment, in 1973, of the comparative negligence law, § 9-10-07, NDCC, certain general rights and liabilities between party defendants *214 and between plaintiff and defendants were created which have not yet been refined with specificity by the judicial process. See, Royal Indemnity Company v. Aetna Casualty and Surety Company, 193 Neb. 752, 229 N.W.2d 183 (1975). For related discussion, see also Brewster, Comparative Negligence in Strict Liability Cases, Vol. 11, No. 4, International Society of Barristers Quarterly, at page 345. Recognizing this, we conclude that an early determination of who are and who are not potential liable parties is in reality helpful to or will assist in the ultimate determination of the liabilities in the basic action.
In Anderson v. Anderson, 258 N.W.2d 146, Justice Pederson restated the position of this Court in the following language:
"As we said in State v. Vogan, 243 N.W.2d 382 (N.D.1976), unless good cause is shown for a failure to comply with the rules of this Court, an appeal will be dismissed. We grant appellee's motion. See subsequent dismissals in State v. Paulson, 256 N.W.2d 556 (N.D.1977); Gerhardt v. Fleck, 251 N.W.2d 764 (N.D. 1977); McCullough v. Swanson, 245 N.W.2d 262 (N.D.1976); State v. Van Voorhees, 243 N.W.2d 786 (N.D.1976); and City of Jamestown v. Rolfzen, 238 N.W.2d 661 (N.D.1976)."
In Gerhardt v. Fleck, 251 N.W.2d 764 (N.D. 1977), we summarized the reasons for the dismissal or non-dismissal in each case considered.
The position of the Court on motions to dismiss appeals applies to this case.
For the foregoing reasons, the separate motions of the City of Larimore and the State of North Dakota to dismiss the appeals are granted.
The City of Larimore and the State of North Dakota orally waived costs should the appeal be dismissed. Nevertheless, to prevent repetition of the disregard for the time and effort of all parties and the Rules of Appellate Procedure, costs in the total sum of $150.00 are allowed jointly to appellees against the appellants.
ERICKSTAD, C. J., and VOGEL, PAULSON and PEDERSON, JJ., concur.
NOTES
[1] South's brief in support of the motion seemed to take an inconsistent position with its appeal by suggesting that the judgment in question did not meet the requirements of Rule 54(b), NDRCivP, even though appropriate statements appeared in the orders for judgment.