Albert LATENDRESSE,
Plaintiff/Appellee,

v.

Orville LATENDRESSE a/k/a Orville J.
Latendresse and Ruth Latendresse,
Defendants/Appellants.

Civ. No. 9583.

Supreme Court of North Dakota.

June 28, 1979.

Charles D. Orvik Law Office, Rugby, for defendants and appellants; argued by Gene A. Nygaard.

McIntee Law Firm, Towner, for plaintiff and appellee; argued by Michael S. McIntee, Towner.

PAULSON, Justice.

Orville Latendresse and Ruth Latendresse ["Orville and Ruth"], defendants and appellants, have appealed to this court from a summary judgment of the McHenry County District Court. The plaintiff and appellee, Albert Latendresse ["Albert"], has moved to dismiss the appeal pursuant to Rule 31(c) of the North Dakota Rules of Appellate Procedure because of Orville and Ruth's failure to file their brief within the time prescribed by Rule 31(c); and pursuant to Rule 7, N.D.R.App.P., on the ground that Orville and Ruth failed to secure a cost bond or a supersedeas bond.

Albert commenced an action against Orville and Ruth for the sum of $4,000, together with interest thereon as evidenced by a promissory note dated February 9, 1963. The summons and complaint were served upon Orville and Ruth on June 13, 1978, by the sheriff of McHenry County.

Orville and Ruth interposed an answer and a counterclaim on their own behalf, admitting the execution of the note but denying that demand for payment had been made or that they have refused to pay; together with a counterclaim for a promissory note executed by Albert due in 1955 for the wintering of cattle, for damages to their home caused by a fire in Albert's trailer, for loss of records to substantiate a $400,000 U.S.A. Wildlife depredation suit, for a $300,000 Pioneer State Bank breach-of-contract fund, and for other miscellaneous claims.

Albert interposed a timely reply to the counterclaim.

Albert's attorney served a request for admission, pursuant to Rule 36 of the North Dakota Rules of Civil Procedure, upon Orville and Ruth on August 2, 1978.

Albert's attorney served a motion for summary judgment, pursuant to Rule 56, N.D.R.Civ.P., on Orville and Ruth on September 29, 1978. The motion was based upon two grounds: (1) that Orville and Ruth have failed to answer requests for admission as required by Rule 36, N.D.R. Civ.P.; therefore, they have admitted all the material allegations of the complaint; and (2) that the allegations of the counterclaim not otherwise explained, do not constitute a claim upon which relief can be granted. The answers to Albert's requests for admission were not prepared by Orville on behalf of Ruth and himself until October 10, 1978. The record does not reveal when the answers to the requests for admission were served on Albert, but they were filed in the office of the clerk of the district court of McHenry County on October 13, 1978. The hearing on the motion for summary judgment was held on October 11, 1978. The court issued its memorandum opinion on October 26, 1978. Summary judgment was entered on November 15, 1978, from which Orville and Ruth appealed on November 24, 1978. Orville and Ruth then prepared and filed a notice of hearing to set a supersedeas bond. The notice was dated November 24, 1978, and the date of hearing was set for November 28, 1978, at Rugby. The district court subsequently issued its order setting the supersedeas bond at $7,000 and further ordered, upon the furnishing of the bond, that a stay of execution would be issued.

Albert prepared and filed a motion for dismissal of the appeal on the grounds heretofore set forth. We are confronted with what action should be taken when Orville and Ruth have failed to comply with Rule 31 and Rule 7, N.D.R.App.P. It is therefore necessary to consider the guidelines set forth in Rule 3, N.D.R.App.P. the pertinent part of which states:

"RULE 3—APPEAL AS OF RIGHT— HOW TAKEN

"*(a) Filing the notice of appeal. . .* Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal."

The Rules of Appellate Procedure became effective on March 1, 1973, and have been in full force and effect since that date. The Supreme Court, in determining what action should be taken in the instant case with reference to a motion for dismissal, has the benefit of a number of decisions on the subject which have been issued by this court. Each of these cases has been decided upon the particular circumstances which existed therein.[1]

■ The North Dakota Supreme Court has enunciated a rule when motions to dismiss have been denied that reveals a reluctance on the part of the court to dismiss appeals, because the court generally desires to reach the merits of a case. Dismissal is granted only when valid reasons are not present to excuse the delay *[South v. Nat. R. R. Passenger Corp. (AMTRAK)*, 260 N.W.2d 212 (N.D.1977)]; the moving party

---

1. A summation of the cases in which we have granted or denied a motion for dismissal is contained in *Gerhardt v. Fleck*, 251 N.W.2d 764 (N.D.1977), and *Halverson v. Pet, Inc.*, 260 N.W.2d 11 (N.D.1977).

would be prejudiced by the delay [*Wagener, Inc. v. William Clairmont, Inc.*, 211 N.W.2d 751 (N.D.1973)]; for gross disregard of the Rules of Appellate Procedure [*City of Jamestown v. Rolfzen*, 238 N.W.2d 661 (N.D.1976)]; and failure to file briefs for three and one-half years since the filing of the notice of appeal [*McLean v. Jones*, 247 N.W.2d 469 (N.D.1976)].

■ Orville and Ruth's failure to file their brief within the time prescribed by Rule 31(c), N.D.R.App.P., does not mandate this court to dismiss the appeal.

In considering Rule 31(c), N.D.R.App.P., we stated, in *State v. Packineau*, 270 N.W.2d 336, 337 (N.D.1978):

"Failure to file the appellant's brief within the time specified in Rule 31(c), N.D.R.App.P., does not require that the appeal be dismissed. Rather, the rule provides that if the appellant fails to file his brief within the time specified the appellee may move for dismissal. The determination whether to dismiss the appeal for failure to file the brief rests within the discretion of this court. See, e. g., *Nodak Mutual Ins. Co. v. Loeffler*, 225 N.W.2d 286 (N.D.1974)."

This court, in *Tower City Grain Co. v. Richman*, 232 N.W.2d 61, 64 (N.D.1975), stated:

"Tower City Grain argues that the service of an undertaking on appeal or deposit in lieu thereof is jurisdictional and that the appeal should be dismissed. We do not agree. Good faith service of notice of appeal confers jurisdiction, and thereafter this court may permit the appeal to be perfected. *In re Guardianship of Frank*, 128 N.W.2d 355 (N.D.1964). Further, Rule 3(a), N.D.R.App.P., states that the 'failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal.'

"Because it is the preference of this court to decide cases on their merits rather than on technicalities, we grant the Richmans' motion to perfect the appeal. As we have stated before, the lack of adherence to the rules promulgated by the court can result in a dismissal of an appeal under Rule 3(a), N.D.R.App.P. This result would be appropriate in the instant case where there is an obvious lack of diligence on the part of counsel for the Richmans. Counsel failed to file appropriate briefs at both the trial and appellate levels. Such failure prompted this court to issue a Minute Order on March 31, 1975, dismissing the Richmans' appeal if a brief was not filed by April 18, 1975. It was filed by that date. We do not condone such laxity on the part of attorneys who practice before us but such a drastic measure as dismissal of an appeal would unduly penalize the appellants for failure of their attorney to fulfill his duties."

In view of the number of decisions which have been issued by this court with reference to a motion to dismiss, we will now consider whether the motion to dismiss in the instant case should be granted.

It is unrefuted that Orville and Ruth filed a timely notice of appeal; therefore, we have jurisdiction to hear the appeal; the docketing fee was paid; a transcript of the hearing of October 11, 1978, was secured and a copy delivered to adverse counsel within the prescribed time; and the record was transmitted to this court without objection by adverse counsel. However, Orville and Ruth's brief had not been filed prior to or at the time of the hearing before this court on the motion to dismiss. This court has indicated that the filing of a brief by the time that the motion to dismiss is heard is an important factor. See *State v. Paulson*, 256 N.W.2d 556 (N.D.1977). In the instant case, Orville and Ruth did not retain an attorney to represent them until the hearing on November 28, 1978, on the motion to set a supersedeas bond. At the hearing on the supersedeas bond, the trial court determined that a bond be furnished by Orville and Ruth in the sum of $7,000, but to date they have not furnished such bond. A cost bond, however, in the sum of

$250, was filed with the clerk of the district court of McHenry County on May 18, 1979.[2]

 Albert argues that the service of the undertaking on appeal or deposit in the form of a cash bond and the supersedeas bond is jurisdictional; therefore, the appeal should be dismissed. We disagree because good faith service of the notice of appeal confers jurisdiction on the court to permit the appeal.

This court has in a myriad of cases preferred to decide cases on the merits. We are cognizant of the provision of Rule 3(a), N.D.R.App.P., that a failure to comply with the Rules of Appellate Procedure may result in the dismissal of an appeal. Neither the delaying tactics of Orville and Ruth's counsel nor his unfamiliarity with the Rules of Appellate Procedure should be condoned by this court.

 Albert urges that he has been prejudiced by the delay resulting from the appeal. However, although Orville and Ruth's counsel may have been awaiting the results of their attempts to furnish the cost bond as well as the supersedeas bond, counsel's delay in filing the appellants' brief did not prejudice Albert. The filing of a notice of appeal did not bar or prohibit Albert from pursuing the remedies which are available to him to enforce the judgment against Orville and Ruth. His argument is unpersuasive.

Unless Orville and Ruth's counsel shall serve and file his brief to this court and have the cost bond presently in the sum of $250 which is now on file in the office of the district court of McHenry County transmitted to this court within fifteen days of this decision, the motion to dismiss will be granted without further application by Albert.

We also determine that costs should be assessed in the sum of $250 against Orville and Ruth because Albert should be compensated for costs, which consist of attorney fees expended in preparation of this motion to dismiss, briefing, personal appearance of his counsel before this court, as well as traveling expenses. Proof of payment of such costs shall be submitted in writing to the clerk of the Supreme Court within fifteen days from the date of this decision.

The motion to dismiss is held in abeyance.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.

---

**2.** The cost bond was filed nearly six months after the notice of appeal was served and filed.