**Eleanore Helen DOSSENKO, Plaintiff and Appellee,**

v.

**Barry Grant DOSSENKO, Defendant and Appellant.**

**Civ. No. 9781.**

Supreme Court of North Dakota.

July 17, 1980.

Anderson, Tossett & Dobrovolny, Minot, for plaintiff and appellee.

Bruce C. Britton, Fargo, for defendant and appellant at trial; Robert Bolinske of Zuger & Bucklin, Bismarck, substitute counsel for purposes of appeal.

ERICKSTAD, Chief Justice.

This matter comes before us on the plaintiff's motion to dismiss the appeal for failure to comply with Rule 10(b) of the North Dakota Rules of Appellate Procedure. The motion is granted and the appeal is dismissed.

The plaintiff-appellee, Eleanore Helen Dossenko, and the defendant-appellant, Barry Grant Dossenko, were married in 1967. Irreconcilable differences arose between the parties and a judgment of divorce was entered in Ward County District Court, Northwest Judicial District, on February 7, 1980. On February 26, 1980, a notice of appeal was filed with the clerk of the district court. A bond for costs on appeal was filed fifteen days later. *See* Rule 7, N.D.R.App.P. Thereafter, on May 21, 1980, approximately 75 days after the notice of appeal was filed, Eleanore moved for dismissal of the appeal on the grounds that Barry had failed to order a transcript of the proceedings and had made no effort to pursue the appeal. Counsel for Eleanore did not ask for costs in connection with the motion to dismiss.

A hearing on the motion to dismiss was scheduled for June 19, 1980, and the parties were notified by the clerk of the supreme court that briefs were to be served and filed by June 16th. In the interval between the trial and that date, Barry employed another lawyer. On June 13, 1980, and on June 18, 1980, the clerk of the supreme court was informed by the substitute counsel for Barry that the appeal would not be pursued and that a stipulation of dismissal was forthcoming. As a result, neither party made a personal appearance at the hearing on the motion to dismiss scheduled for June 19, 1980, and no briefs were filed relative thereto. The letter from present counsel

for Barry indicates that counsel for Eleanore has refused to sign the voluntary stipulation of dismissal because he seeks to recover costs and attorney's fees in connection with the motion for dismissal.

Rule 10(b) of the North Dakota Rules of Appellate Procedure provides in relevant part as follows:

"(b) *The transcript; duty of appellant to order; time for ordering.* If an appeal is taken in a case in which any evidentiary hearing was held, it is the duty of the appellant to order a transcript of the proceedings. Three copies must be ordered for the supreme court and one copy must be ordered for each party separately represented. The order must be served on the reporter and must be for a complete transcript of the proceedings, unless a stipulation is obtained from all affected parties specifying portions which are not required for the purposes of the appeal. . . . Proof of service of the order for transcript and a copy of the stipulation of excluded portions, if applicable, must be filed with the clerk of the trial court with the notice of appeal. . . ."

The transcript must be completed within 50 days after the notice of appeal is filed unless the court reporter or a party applies for and receives an extension. Rule 10(c) and (d), N.D.R.App.P.

In the present case, pursuant to Rule 10(c), N.D.R.App.P., the transcript should have been completed, served, and filed by April 16, 1980, which is 50 days after the notice of appeal was filed (February 26, 1980). No application was made for an extension of time to complete the transcript. Barry failed to comply with Rule 10(b), N.D.R.App.P., in that proof of service of the order for transcript and a copy of the stipulation of excluded portions, if applicable, were never filed with the notice of appeal. In addition, no brief has been served and filed as required by Rule 31, N.D.R.App.P.[1] and no appearance was made

---

1. "(a) *Time for serving and filing briefs; where filed.* The appellant shall serve and file his brief within forty days after the date on which the transcript is filed, but if no transcript is ordered, within forty days after the notice of appeal is filed. . . . " Rule 31(a), N.D. App.P.

at the scheduled hearing on the motion to dismiss. Barry has failed to take *any* steps to pursue the appeal other than to file a notice of appeal and bond for costs. No attempt has been made to show the reason for the delay, to present any justifiable reasons why the motion to dismiss should not be granted, or to show good cause for relief of any kind.

Rule 3(a), N.D.R.App.P., provides that failure of the appellant "to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, *which may include dismissal of the appeal*" (emphasis added).

 We are reluctant to dismiss appeals because it is important to reach the merits of a case whenever possible. *Latendresse v. Latendresse*, 283 N.W.2d 70 (N.D. 1979); *LeFevre Sales, Inc. v. Bill Rippley Construction*, 238 N.W.2d 673 (N.D.1976). A motion to dismiss is generally granted only when no valid reason exists for the delay, or when the moving party would be prejudiced by the delay. *Latendresse v. Latendresse*, 283 N.W.2d at 71; *Halverson v. Pet, Inc.*, 260 N.W.2d 11 (N.D.1978); *South v. Nat. R.R. Passenger Corp. (AMTRAK)*, 260 N.W.2d 212 (N.D.1977). An excellent summary of our previous decisions in which we have granted or denied a motion to dismiss an appeal is found in *Gerhardt v. Fleck*, 251 N.W.2d 764 (N.D.1977).

In this case, *no* reason has been shown for the delay and failure to comply with the Rules of Appellate Procedure. Justice Pederson succinctly stated the position of this court in *Anderson v. Anderson*, 258 N.W.2d 146, 147 (N.D.1977), in the following language:

"As we said in *State v. Vogan*, 243 N.W.2d 382 (N.D.1976), unless good cause is shown for a failure to comply with the rules of this Court, an appeal will be dismissed. We grant appellee's motion. See subsequent dismissals in *State v. Paulson*, 256 N.W.2d 556 (N.D.1977); *Gerhardt v. Fleck*, 251 N.W.2d 764 (N.D. 1977); *McCullough v. Swanson*, 245 N.W.2d 262 (N.D.1976); *State v. Van Voorhees*, 243 N.W.2d 786 (N.D.1976); and *City of Jamestown v. Rolfzen*, 238 N.W.2d 661 (N.D.1976)."

 As no costs were requested in the motion for dismissal, and no appearance by counsel for the movant, Eleanore, was made, an award of costs is not appropriate in this case. The motion for dismissal is therefore granted without costs.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.