Lewis JOCHIM, Plaintiff and Appellant,

v.

Arlis Sally JOCHIM, Defendant and Appellee.

Civ. No. 9793.

Supreme Court of North Dakota.

Nov. 21, 1980.

Phillip J. Brown, Bismarck, for plaintiff and appellant.

Tom Disselhorst, Bismarck, for defendant and appellee.

SAND, Justice.

The defendant–appellee, Arlis Sally Jochim, moved this court to dismiss plaintiff's appeal from a final judgment entered on 29 Feb. 1980 on the grounds that the appellant–plaintiff, Lewis Jochim, failed to do anything more than file a notice of appeal, and in particular that he has failed to perfect the appeal or to secure counsel to assist him on the appeal.

From the inception of this case Lewis Jochim had problems. Initial counsel withdrew, whereupon other counsel took over. After trial and after the entry of judgment trial counsel expressed a wish to withdraw. Nevertheless, another member of the law firm which represented him in the trial appealed the judgment to protect Lewis Jochim because time was of the essence. After the appeal was filed, this court granted a motion on 18 July 1980 to permit trial counsel and the law firm to withdraw as attorneys of record for Lewis Jochim on his appeal; to discharge the sureties and permit Jochim to replace the cost bond; and to allow Jochim 60 days to arrange for new counsel and to perfect the appeal.

■ Failure of appellant to take any steps other than file a motion of appeal is grounds for dismissal of the appeal. Rule 3(a), North Dakota Rules of Appellate Procedure.

■ In *Gerhardt v. Fleck*, 251 N.W.2d 764 (N.D.1977) we gave a brief summary of the cases in which motions to dismiss were granted for failure to comply with the rules and appropriate procedures, and also the cases in which the motions to dismiss were denied. The instant case does not come within the criteria set out or the reasons given for denying the motion to dismiss as outlined in *Gerhardt*. Because of circumstances present in this case not present in the cases reviewed in *Gerhardt* where dismissals were granted, we believe the motion should be held in abeyance temporarily and conditionally granted for reasons set out later herein.

Lewis Jochim, in an affidavit dated and filed with this court on 5 Nov. 1980 stated that he contacted by telephone every lawyer that he knew personally (nine including those who appeared at trial and filed the notice of appeal), "but none of them have been willing or able to handle this appeal." He further stated that on 3 Nov. 1980 Phil-

ip J. Brown agreed to appear on his behalf on the motion to dismiss and also agreed to represent him on the appeal and other aspects of the case, but only if the motion to dismiss is denied, a further extension of 40 days for filing the appellant's brief is granted, and Lewis Jochim, the affiant, will advance costs for obtaining the records and transcript of the trial court proceedings. The affidavit further stated that the affiant, Lewis Jochim, was confined to a wheelchair as a result of several strokes and injuries received while in the United States Army. No opposing affidavit was filed which may have been due to the time squeeze, but we also note that no request for an extension of time to file any response to the affidavit was made.

Philip J. Brown, during oral argument resisting the motion to dismiss, agreed that he could and would represent Lewis Jochim if the above conditions were met.

Counsel also made brief references to the subject matter in dispute, and expressed the possibility that the property division difficulties *may* be resolved if the court will give them the opportunity.

On the basis of the additional information presented, we believe an extension of time up to 40 days in which to perfect the appeal would not be inappropriate.

We encourage the parties to follow through on their inclination to resolve the differences they may have and timely notify this court so it may take appropriate action.

The motion to dismiss is held in abeyance until 31 Dec. 1980, at which time the motion to dismiss will be granted unless the appeal has been perfected on or before that time, in which event the motion will be denied.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.