Roland P. SIGURDSON, Plaintiff-Appellant,

v.

LAHR & LAHR, INC., Defendant, Third-Party Plaintiff and Appellee,

v.

Joseph GRIFFIN, d/b/a Griffin Realty & Home Builders, Inc., Third-Party Defendant and Appellee.

No. 10008.

Supreme Court of North Dakota.

Oct. 6, 1981.

As Amended Oct. 7, 1981.

Hjellum, Weiss, Nerison, Jukkala & Wright, Jamestown, for plaintiff-appellant.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for defendant, third-party plaintiff and appellee.

Mikal Simonson, Valley City, for third-party defendant and appellee.

PEDERSON, Justice.

Rule 13, North Dakota Rules of Appellate Procedure, authorizes this court to take "any appropriate action" against any person failing to perform an act required by the rules. Sigurdson filed a notice of appeal in the district court on May 12, 1981 and has taken no further steps than to inquire as to the cost and required deposit for a transcript.

In *State v. Vogan*, 243 N.W.2d 382 (N.D. 1976), we said:

"Rule 3(a), N.D.R.App.P., provides that the failure of an appellant to take any steps beyond the filing of a notice of appeal is grounds for such action as the court deems appropriate, and may include dismissal of the appeal."

An inquiry as to transcript cost is not sufficient to exempt Sigurdson from the sanction of dismissal. Counsel advises that there will be no resistance to the motion to dismiss. Unless good cause is shown for failure to comply with the rules, an appeal will be dismissed. *Anderson v. Anderson*, 258 N.W.2d 146 (N.D.1977). The appeal is dismissed and costs in the amount of $100 are awarded to the appellee, Lahr & Lahr, Inc., against the appellant, Sigurdson.

ERICKSTAD, C. J., and VANDE WALLE and SAND, JJ., concur.

PAULSON, J., disqualified.