Marlene D. GOTTSCHALD (Schoen), Plaintiff and Appellee,

v.

Richard E. GOTTSCHALD, Defendant and Appellant.

Civ. No. 10038.

Supreme Court of North Dakota.

Nov. 20, 1981.

Marnell Ringsak, Staff Atty., Regional Child Support Enforcement Unit, Bismarck, for plaintiff and appellee.

Richard E. Gottschald, defendant and appellant, pro se.

SAND, Justice.

The plaintiff-appellee, Marlene Gottschald Schoen, moved this Court to dismiss the defendant's, Richard Gottschald's, appeal from the district court's order issued in a reciprocal enforcement proceeding requiring Gottschald to make child support payments in the sum of $360.00 a month starting 1 June 1981. A citation and order to show cause why he should not be adjudged in contempt for failure to make the payments was issued on 5 June 1981. Schoen's motion to dismiss was based on the grounds that Gottschald failed to order a transcript and file a brief within the time limitations of North Dakota Rules of Appellate Procedure 3(a) and 31(c), respectively.

The notice of appeal was filed by Gottschald on 22 June 1981. On 27 July 1981 this Court received a letter from Gottschald requesting extension of time to file a brief. Gottschald was given until 28 August 1981 to file a brief. However,

Gottschald did not file a brief, and on 17 Sept. 1981 Schoen filed a motion for dismissal. On 1 Oct. 1981 Gottschald filed a brief in opposition to the motion to dismiss in which he asserted that he was without sufficient funds [1] to acquire legal services to perfect an appeal and that as a consequence he was proceeding pro se. Gottschald, throughout his brief and during oral argument, asserts his inability to get a fair and unbiased review of the legal questions involved in his case. Gottschald contends that a dismissal would "compound the injustice and inequities" that have surrounded his efforts to get a fair hearing. This injustice and inequity is apparently linked to an ex parte communication between the county attorney for St. Louis County in Minnesota [2] and the district court judge in North Dakota. Gottschald further asserts that the delays were due primarily to his lack of familiarity with the judicial system of North Dakota and that the transcript was not purchased due to a lack of available funds.

 Rule 3(a), NDRAppP, provides that the "failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal." The failure to take any steps other than the filing of the notice of appeal is ground for such action as this Court deems appropriate, which may, in this Court's discretion, include dismissal. *McCullough v. Swanson*, 245 N.W.2d 262 (N.D.1976).

We have previously said that rules or statutes should not be modified or applied differently merely because a party not learned in the law is acting pro se. *Matter of Estates of Kjorvestad*, 304 N.W.2d 83 (N.D.1981); *State v. Faul*, 300 N.W.2d 827 (N.D.1980); *Latendresse v. Latendresse*, 294 N.W.2d 742 (N.D.1980); *Lang v. Basin Electric Power Co-op*, 274 N.W.2d 253 (N.D. 1978); *Dorgan v. Mercil*, 269 N.W.2d 99 (N.D.1978).

Notwithstanding that Gottschald appeared pro se and that this Court has precedent to dismiss the appeal, we believe in order to avoid even the appearance that the quality or degree of justice is influenced by one's financial ability, the motion to dismiss the appeal should only be granted, conditionally. See, *Jochim v. Jochim*, 299 N.W.2d 565 (N.D.1980). We will therefore hold the motion in abeyance until 31 December 1981, at which time the motion to dismiss will be granted unless the appeal has been perfected (i. e., transcript filed and appellant brief submitted) on or before that time, in which event the motion will be denied.

ERICKSTAD, C. J., and PEDERSON and VANDE WALLE, JJ., concur.

PAULSON, J., did not participate.

---

1. The financial ability of any person should not and does not determine whether or not an individual receives a fair trial.

2. The original judgment of divorce was entered in St. Louis County, Minnesota.